## In re ONION.

[Cite as *In re Onion* (1998), 128 Ohio App.3d 498.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 96–A–0080.

Decided June 22, 1998.

*Thomas L. Sartini,* Ashtabula County Prosecuting Attorney, and *Laura M. Digiacomo,* Assistant Prosecuting Attorney, for appellee, state of Ohio.

*William E. McCarthy,* Ashtabula County Public Defender, and *Paul G. Kinnick,* Assistant Public Defender, for appellant, Ricky Onion.

CHRISTLEY, Judge.

Appellant, Ricky Onion, a minor child, appeals the judgment of the Juvenile Division of the Ashtabula County Court of Common Pleas that adjudicated him to be a delinquent child and ordered his commitment to the Department of Youth Services for institutionalization. For the reasons that follow, we reverse and remand the case for further proceedings consistent with this opinion.

On July 9, 1996, appellant was alleged to be delinquent due to four counts of rape, each a violation of R.C. 2907.02(A)(1)(b), aggravated felonies of the first degree if committed by an adult. On October 15, 1996, appellant appeared before the trial court for an adjudicatory hearing on the four rape counts, as well as on an alleged violation of probation, curfew, and a criminal trespassing allegation. Appellant was represented by counsel at the hearing. At the time of the hearing, appellant was sixteen years old.

At the hearing, appellant entered an admission of true to the first count of rape, with the understanding that the remaining allegations would be dismissed. The trial court thereafter adjudicated appellant to be a delinquent child and committed him to the Department of Youth Services for institutionalization for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed appellant's attainment of the age of twenty-one years. Appellant was granted leave to file a delayed appeal before this court, through appointed counsel. He asserts one assignment of error:

"The trial court failed to comply with Juvenile Rule 29(D), thereby violating the appellant's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and under Article I, Section 10 of the Ohio Constitution."

In his single assignment of error, appellant argues that the trial court failed to comply with the requirements of Juv.R. 29(D) when it accepted appellant's admission of the rape charge, thereby violating appellant's due process rights under both the federal and state Constitutions. Although appellant concedes that the trial court complied with Juv.R. 29(D)(1), appellant asserts that the court failed to comply with Juv.R. 29(D)(2). We agree.

Juv.R. 29(D)(1) and (2) read as follows:

"(D) Initial procedure upon entry of an admission. The court may refuse to accept an admission and *shall not* accept an admission without *addressing the party personally* and determining *both* of the following:

"(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

"(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing." (Emphasis added.)

In the instant case, the transcript of the October 15, 1996 hearing reveals the following exchange:

"[APPELLANT'S COUNSEL]: * * * At this point, the Defendant would, in fact, enter a plea of Guilty to Count 1 as indicated by the prosecutor. I have advised the Defendant that by entering a plea he could be sent to a youth services corrections facility for a period of up to [a] minimum period of one year, to a maximum period not to exceed the date of his 21st birthday.

"I have advised him that he has a right to a trial, that he has a right to confront his witnesses and to subpoena witnesses on his own behalf. He has talked this over with his mother and I believe it to be a voluntary admission.

"THE COURT: All right. Ricky, you realize what your attorney has just said?

"[APPELLANT]: Yes, I do.

"THE COURT: Do you understand all of those things?

"[APPELLANT]: Yes, I do.

"THE COURT: Do you realize that you will not have a trial by entering this plea?

"[APPELLANT]: Yes, I do.

"THE COURT: And you are giving up all of those rights that go with a trial that have been mentioned to you?

"[APPELLANT]: Yes, I do.

"THE COURT: Has anyone forced you to plead guilty to this case?

"[APPELLANT]: No.

"THE COURT: Has anyone promised you anything for saying True to this case?

"THE COURT: Has anyone brought any undue pressure on you to say guilty?

"[APPELLANT]: No.

"THE COURT: You are saying guilty because these allegations in the complaint are true?

"[APPELLANT]: Yes, I am.

"THE COURT: And you are not doing so, I know, because you want to, but you are doing so because they are true; is that correct?

"[APPELLANT]: Yes.

"THE COURT: Well, I am inclined to accept your plea of True, then, to this matter."

The court thereafter accepted appellant's admission.

Juv.R. 29(D) requires that the trial court make certain determinations before accepting an admission from a juvenile. The trial court is obligated to address the juvenile personally to determine that the admission is being made voluntarily and with the understanding of the nature of the allegations and the consequences of the admission. Juv.R. 29(D)(1).

The trial court must also personally address the juvenile to determine that the juvenile understands that by entering an admission, the juvenile is waiving certain rights to which he would otherwise be entitled had the case proceeded for an adjudicatory hearing, namely, (1) the right to challenge the witnesses and evidence against him, (2) the right to remain silent, and (3) the right to introduce evidence at the adjudicatory hearing. Juv.R. 29(D)(2). Juv.R. 29(D) clearly mandates that the trial court must comply with *both* Juv.R. 29(D)(1) and (2).

In reviewing the transcript of the hearing, it is apparent that the trial court inadvertently failed to comply with Juv.R. 29(D)(2). Although the trial court did ask appellant if he realized or understood what his attorney had just said following *the attorney's* recitation of *some* of the rights enumerated in Juv.R. 29(D)(2), the trial court never specifically recited each right or asked whether appellant understood each right.[1]

---

1. Appellant's counsel informed the court that appellant understood he was waiving his right to confront witnesses and his right to subpoena witnesses on his own behalf.

Even assuming, *arguendo*, that the trial court's indirect inquiry would otherwise suffice, at no point was appellant directly or indirectly informed that he would be waiving his right to remain silent at the adjudicatory hearing.

Appellee urges this court to disregard these failures because substantial compliance with the rule has otherwise been demonstrated. However, we are prohibited from doing so.

It is true that this court and other appellate courts in Ohio have applied a substantial-compliance test in certain circumstances. See *In re Jarrell* (Dec. 29, 1995), Lake App. No. 95–L–049, unreported, at 3, 1995 WL 815342;[2] *In re Beechler* (1996), 115 Ohio App.3d 567, 572, 685 N.E.2d 1257, 1259–1260; *In re Brooks* (1996), 112 Ohio App.3d 54, 57, 677 N.E.2d 1229, 1231; *In re Christopher R.* (1995), 101 Ohio App.3d 245, 247–248, 655 N.E.2d 280, 281–282; *In re Jenkins* (1995), 101 Ohio App.3d 177, 180, 655 N.E.2d 238, 239–240.[3] All of these cases in some way analogize a juvenile's admission of allegations pursuant to Juv.R. 29(D) to an adult's entry of a plea of guilty pursuant to Crim.R. 11(C).[4]

Although neither the General Assembly nor the Supreme Court of Ohio has, as of yet, set forth a specific standard by which appellate courts are to judge compliance with Juv.R. 29(D), the substantial-compliance test developed in relation to Juv.R. 29(D) is, in actuality, derived from the case law interpreting Crim.R. 11(C). There, the substantial-compliance test can be applicable to Crim.R. 11(C) when the trial court failed to comply strictly with the requirements of the rule, but the adult defendant is not shown to be prejudiced by the omission. See *State v. Stewart* (1977), 51 Ohio St.2d 86, 92–93, 5 O.O.3d 52, 55–56, 364 N.E.2d 1163, 1166–1167; *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476–477.

In *Nero*, the Supreme Court of Ohio explained: "Substantial compliance means that under the totality of the circumstances the defendant subjectively under-

---

**2.** In *Jarrell*, we determined that there was no compliance whatsoever with either Juv.R. 29(D)(1) or (2).

**3.** See, also, *In re Flynn* (1995), 101 Ohio App.3d 778, 782, 656 N.E.2d 737, 739–740; *In re McKenzie* (1995), 102 Ohio App.3d 275, 656 N.E.2d 1377, where the Eighth District Court of Appeals looked at the totality of the circumstances in determining whether the juvenile entered a voluntary, intelligent, and knowing plea.

**4.** But, see, *In re Harris* (1995), 104 Ohio App.3d 324, 662 N.E.2d 34. In *Harris*, the Second District Court of Appeals specifically rejected the notion that "the accepting of an 'admission of responsibility' [in a juvenile proceeding] is so analogous to accepting a guilty plea in [a] felony case that the requirements of Crim.R. 11(C)(2) should apply." *Id.* at 327, 662 N.E.2d at 36. Although the trial court in that case failed to advise the juvenile of his rights pursuant to Juv.R. 29(D)(2), the Second Appellate District ultimately judged compliance by considering whether any noncompliance with the Juvenile Rules amounted to harmless or prejudicial error.

stands the implications of his plea and the rights he is waiving." *Id.* at 108, 564 N.E.2d at 476.

However, in the context of Crim.R. 11(C), the Supreme Court of Ohio has also indicated that the substantial-compliance test applies only to the question of compliance with the *nonconstitutional* rights of a defendant under Crim.R. 11(C), such as the right to be informed of ineligibility for probation. See *State v. Ballard* (1981), 66 Ohio St.2d 473, 476, 20 O.O.3d 397, 398–399, 423 N.E.2d 115, 117.

Thus, when, as here, a trial court fails to inform a defendant of one of his or her *critical constitutional rights,* including the privilege against self-incrimination, that failure is *per se* prejudicial. *Id.* at 478, 20 O.O.3d at 400, 423 N.E.2d at 118–119; see, also, *State v. Higgs* (1997), 123 Ohio App.3d 400, 704 N.E.2d 308. If the instant case had involved an adult criminal defendant, such a failure would be fatal. *Ballard; Nero.*

Although juvenile court proceedings are deemed civil in nature, the United States Supreme Court has indicated that "[a] proceeding where the issue is whether the child will be found to be 'delinquent' and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution." *In re Gault* (1967), 387 U.S. 1, 36, 87 S.Ct. 1428, 1448, 18 L.Ed.2d 527, 551.

Accordingly, the Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires that juvenile court delinquency proceedings measure up to the essentials of due process and fair treatment. *Id.* at 30–31, 87 S.Ct. at 1445–1446, 18 L.Ed.2d at 547–548. It indicated that "juvenile proceedings to determine 'delinquency,' which may lead to commitment to a state institution, must be regarded as 'criminal' for purposes of the privilege against self-incrimination." *Id.* at 49, 87 S.Ct. at 1455, 18 L.Ed.2d at 558. Finally, the Supreme Court held: "[T]he constitutional privilege against self-incrimination is applicable in the case of juveniles as it is with respect to adults." *Id.* at 55, 87 S.Ct. at 1458, 18 L.Ed.2d at 561.

■ This constitutionally required safeguard is codified in the Ohio Rules of Juvenile Procedure, which impose an affirmative duty on the juvenile judge to address the juvenile *personally* to determine whether he understands that he is waiving the right to remain silent before an admission of true may be accepted. Juv.R. 29(D)(2). In this context, there can be no doubt that the "right to remain silent" refers to the juvenile's Fifth Amendment privilege against self-incrimination. Pursuant to Juv.R. 29(D)(2), the juvenile must be informed that he is waiving his right to remain silent at the adjudicatory hearing in the same manner as an adult criminal defendant pursuant to Crim.R. 11(C).

■ Moreover, as with an adult entering a plea pursuant to Crim.R. 11(C), the best method of ensuring that the juvenile's admission is properly entered is to use the language contained in Juv.R. 29(D), stopping after each right and directly asking the juvenile whether he understands the right and knows he is waiving it by entering an admission. See *Ballard*, 66 Ohio St.2d at 479, 20 O.O.3d at 400–401, 423 N.E.2d at 119. If this simple procedure is not followed exactly for some reason, the record must at least show that the trial court explained or referred to the right in a manner reasonably intelligible to that juvenile. Cf. *id.* at 480, 20 O.O.3d at 401–402, 423 N.E.2d at 119–120.

■ Therefore, in light of the decisions of both the Supreme Court of Ohio in *Ballard* and the United States Supreme Court in *Gault*, we determine that the trial court's failure to address appellant personally to determine whether he understood that he was waiving the privilege against self-incrimination before accepting appellant's admission amounted to reversible error. Appellant's sole assignment of error is well taken. The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

FORD, P.J., and WILLIAM M. O'NEILL, J., concur.