OPINION
{¶ 1} Markita Harper, a minor, appeals from the trial court's adoption of a magistrate's decision finding her delinquent and ordering her committed to the Department of Youth Services for a minimum of six months.
 {¶ 2} Harper advances two assignments of error on appeal. First, she contends the trial court erred in failing to appoint a guardian ad litem to assist her. Second, she claims the trial court accepted her admission to the allegations against her without ensuring that the admission was voluntary under Juv.R. 29(D). Upon review, we conclude that Harper has waived all but plain error because she failed to file objections to the magistrate's decision. We also find no plain error in the failure to appoint a guardian ad litem or in the acceptance of her admission. Accordingly, we will affirm the judgment of the trial court.
 I. {¶ 3} The record reflects that thirteen-year-old Harper was charged with delinquency for bringing a knife to school. She and her mother subsequently appeared with counsel for an April 30, 2003, preliminary conference before a magistrate. At the outset, the magistrate informed Harper of various rights and explained the possible dispositional alternatives that she faced. The State then made a plea offer, which called for Harper to admit the charge in the complaint and a separate charge in exchange for the non-prosecution of other offenses. The magistrate again identified various rights that Harper would give up by entering an admission to the complaint, and she expressed her desire to do so. Harper then indicated that she was entering the admission of her own free will because she was responsible. The magistrate accepted the admission and plea agreement. The matter proceeded directly to the dispositional phase and, after hearing argument, the magistrate ordered Harper committed to the Department of Youth Services for no less than six months. That same day, the trial court adopted the magistrate's decision, as permitted by Juv.R. 40(E)(4)(c). This timely appeal followed.
 II. {¶ 4} Before addressing the merits of Harper's arguments, we note that her failure to file objections to the magistrate's decision limits the scope of our review. Under Juv.R. 40(E)(3)(a), a party must file written objections to a magistrate's decision within fourteen days. Furthermore, Juv.R. 40(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." In addition, a trial court's immediate adoption of a magistrate's decision does not obviate the need for filing objections. Rather, under Juv.R. 40(E)(4)(c), "[t]he court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered."
 {¶ 5} The upshot of the foregoing rules is that absent objections to a magistrate's decision, a juvenile waives his or her ability to raise assignments of error related to that decision. "The waiver under Juv.R. 40(E)(3)(b) embodies the long-recognized principle that the failure to draw the trial court's attention to possible error, by objection or otherwise, when the error could have been corrected, results in a waiver of the issue for purposes of appeal." In re Etter (1998),134 Ohio App.3d 484, 492. We note, however, that the waiver rule has been tempered in two limited ways. First, even absent objections, Juv.R. 40(E)(4)(a) obligates a trial court to ensure that there is no "error of law or other defect on the face of the magistrate's decision." Second, this court has allowed a party to raise "plain error" on appeal even when no objections were filed in juvenile court. See, e.g., In re Martin
(Aug. 27, 1999), Montgomery App. Nos. 17432, 17461, 17464.
 {¶ 6} In the present case, the waiver rule applies because Harper did not file objections to the magistrate's decision finding her delinquent and ordering her committed to the Department of Youth Services. In addition, we have reviewed the magistrate's decision, and we find no apparent "error of law or other defect" on its face. Neither of the issues Harper raises on appeal is disclosed by a review of the magistrate's decision.
 {¶ 7} The only remaining question is whether Harper has demonstrated plain error, which exists when an error "seriously affects the basic fairness, integrity or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson, 79 Ohio St.3d 116, 122-123,1997-Ohio-401. With regard to the failure to appoint a guardian ad litem, Harper notes that Ohio law requires such an appointment when the interests of a child and parent conflict. See Juv.R. 4(B)(2); R.C. §2151.281(A). She then points out that her mother asked the magistrate to order treatment for her daughter, whereas Harper told the magistrate that she desired commitment to the Department of Youth Services. According to Harper, this disagreement constituted a conflict of interest that required the magistrate to appoint a guardian ad litem.
 {¶ 8} Having reviewed the record, we find no error at all in the failure to appoint a guardian ad litem. The transcript of proceedings below reveals no anger or tension between Harper and her mother. The only point of disagreement was that Harper's mother, acting out of an apparent desire to help her daughter, requested a more lenient disposition than Harper herself sought. Although Harper preferred commitment to the Department of Youth Services, the record does not reflect a situation in which the magistrate plainly erred by failing to appoint a guardian ad litem on the basis of a conflict of interest.
 {¶ 9} Finally, we find no plain error in the magistrate's acceptance of Harper's admission to the charge in the complaint. Harper argues that the magistrate violated Juv.R. 29(D), which provides that a court shall not accept an admission without establishing that the juvenile (1) makes the admission "voluntarily with understanding of the nature of the allegations and consequences of the admission" and (2) understands that the admission constitutes a wavier of "the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
 {¶ 10} Harper admits that the magistrate at least substantially complied with the second part of the foregoing rule. She contends, however, that the magistrate failed to ensure a voluntary admission. In support, Harper cites the following facts: (1) the magistrate failed to inform her of her right to counsel; (2) she appeared at the conference with substitute counsel; (3) she did not have a guardian ad litem; and (4) the magistrate asked leading questions when discussing her admission. In our view, these facts fail to demonstrate plain error in the acceptance of Harper's admission.
 {¶ 11} With regard to the right to counsel, the transcript does not support the State's claim that the magistrate informed Harper of this right. Indeed, the magistrate did not specifically tell her that she had a right to counsel. Although provisions such as Juv.R. 29(B)(3) require a court to inform unrepresented parties of their right to counsel at the outset of an adjudicatory hearing, Harper appeared at the April 30, 1999, conference and entered her admission with the assistance of counsel. We find no plain error in the magistrate's failure to inform Harper of her right to have something that she already had obtained.[1]
Likewise, we find no plain error stemming from the fact that Harper appeared with substitute counsel who was filling in for her regular attorney. The record does not reveal any prejudice to Harper as a result of the change in counsel. Harper's argument about the absence of a guardian ad litem is equally unpersuasive. As noted above, no guardian ad litem was required under the circumstances. Finally, the magistrate's manner of inquiry did not constitute plain error. On a few occasions, the magistrate made a statement to Harper and then said, "Is that correct?" These statements concerned Harper's understanding of the circumstances of her offense, the consequences of an admission, and the voluntariness of her acceptance of responsibility. In each instance, Harper agreed with the magistrate's statement without any apparent hesitation, confusion, or misgivings. As a result, we cannot say that the magistrate's manner of inquiry constituted plain error.
 III. {¶ 12} Based on the reasoning and citation of authority set forth above, we overrule Harper's assignments of error and affirm the judgment of the Montgomery County Common Pleas Court, Juvenile Division.
Fain, P.J., and Young, J., concur.
(Hon. George M. Glasser, Retired from the Sixth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
[1] Parenthetically, we note that the similar requirements of Crim.R. 11(C) only obligate a court to inform an unrepresented defendant of his right to counsel before accepting a guilty plea. See Crim.R. 11(C)(1).