DECISION AND JUDGMENT ENTRY
{¶ 1} Lisa Newbrough ("Mother") and Randall Elliott ("Father") appeal the Washington County Juvenile Court's determination that their children are dependent and its award of permanent custody to Washington County Children Services ("WCCS"). Mother and Father contend that the court committed plain error by accepting their admissions of dependency without first ensuring that they understood the nature of the dependency allegation and the consequences of their admissions as required by Juv.R. 29(D). Because the trial court did not make any inquiry of either parent before accepting their admissions of dependency, we conclude that the court erred in finding the children to be dependent based on those admissions. Therefore, we reverse the trial court's dependency finding and its subsequent award of permanent custody to WCCS. The parents' remaining assignments of error are moot.
 {¶ 2} In February 2002, the trial court awarded WCCS emergency custody of Natasha (D.O.B. 9/8/94) and Kasey (D.O.B. 9/13/97) Elliott. Shortly thereafter, WCCS filed a complaint alleging that Natasha and Kasey were neglected and dependent, and seeking an award of temporary custody. WCCS asserted that it received a report of possible sexual abuse of Kasey by Father in December 2001 and, later that same month, received a complaint that Mother's live-in boyfriend had sexually abused both girls. The complaint stated that the girls had been physically examined for sexual abuse four times since December 1999 and that no evidence of abuse was found during any of the examinations. WCCS filed its motions for emergency and temporary custody based on the parents' repeated cross-accusations of mistreatment of the girls and the effect they were having on the children.
 {¶ 3} At the initial hearing, Mother denied WCCS's allegation that the girls were dependent or neglected; however, Father admitted this allegation through counsel. Based on Mother's denial, the court continued the matter for an adjudicatory hearing and ordered that the girls remain in WCCS's custody. Mother later filed a written admission that her children were dependent. The admission was signed by Mother, her attorney and a witness. The court issued a journal entry finding the girls dependent based on Mother and Father's admissions.
 {¶ 4} In May 2002, the court held a dispositional hearing. The record does not contain a copy of the transcript of this hearing but, according to the court's journal entry, all parties were present and agreed that the children should be placed in the temporary custody of WCCS. The court followed this recommendation and continued the girls in WCCS's temporary custody.
 {¶ 5} In late August 2002, the girls began an "extended visit" with Mother for the purpose of reunification. However, in early December 2002, WCCS again removed the girls from Mother's home due to her failure to comply with WCCS's request that the girls attend counseling and the deplorable condition of the home. In July 2003, WCCS filed a motion for permanent custody and, approximately one month later, Father filed a motion for legal custody. The court held a hearing on the motions. Thereafter, the court issued a decision and judgment entry denying Father's motion for legal custody and granting WCCS's motion for permanent custody of the girls.
 {¶ 6} Mother and Father filed separate appeals of the court's judgment. Both parents asserted that the trial court's decision to award permanent custody of the girls to WCCS was against the manifest weight of the evidence. Mother also asserted that the trial court erred in failing to determine that WCCS had made reasonable efforts to eliminate the continued removal of the girls from her home. We sua sponte consolidated these appeals for purposes of oral argument and decision.
 {¶ 7} Shortly before oral argument, Father filed a Notice of Supplemental Authority citing In re Fennell, Athens App. No. 01CA45, 2002-Ohio-521, for the proposition that "it was plain error for the juvenile court to accept the admission by Appellant Randall Elliott through his attorney that Natasha and Kasey Elliott were dependent/neglected children [tr. p. 16] without making the personal inquiry of the parent required by Juv.R. 29(D)." In response to Father's filing, we issued an entry noting that both concurring judges in Fennell had concurred in "Judgment Only," but recognizing that other opinions of this Court addressing this proposition have garnered majority support. We recognized that Father was not attempting to supplement his brief, but rather to raise a new assignment of error. Nonetheless, we acknowledged that we may, in the interest of justice, consider errors that an appellant fails to assign and argue. Hawley v. Ritley (1988), 35 Ohio St.3d 157, 159,519 N.E.2d 390; In re Miller (Jan. 23, 2001), Adams App. No. 00CA696. Because neither Mother nor WCCS had the opportunity to brief the issue raised in Father's notice, we allowed the parties to submit supplemental briefs addressing this issue.
 {¶ 8} In her supplemental brief, Mother cites a third assignment of error: "The trial court erred when it accepted the written admission of the Mother as to the allegation of neglect."
 {¶ 9} In their "new" assignments of error, both parents assert that the trial court erred in adjudicating the girls dependent without first complying with Juv.R. 29. The parents contend that because the original dependency adjudication was deficient, we must reverse the court's later award of permanent custody. In its supplemental brief, WCCS notes only that it "found no authority contrary to In re Fennell, * * *," apparently conceding that the parents' newly assigned errors require reversal under our existing case law. Nonetheless, we address the merits of these newly assigned errors.[1]
 {¶ 10} Initially, we must determine whether the parents' appeal of the dependency adjudication is timely. Under App.R. 4(A), "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." Juvenile court proceedings are civil actions. In reAnderson, 92 Ohio St.3d 63, syllabus, 2001-Ohio-131,748 N.E.2d 67. Civ.R. 58(B) provides: "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)." If a party fails to file a notice of appeal within thirty days as required by App.R. 4(A), we do not have jurisdiction to entertain the appeal. The timely filing of a notice of appeal under this rule is a jurisdictional prerequisite to our review. Moldovan v. Cuyahoga Cty. Welfare Dept. (1986),25 Ohio St.3d 293, 295, 496 N.E.2d 466.
 {¶ 11} A party cannot immediately appeal an adjudicatory finding of dependency. Rather, a finding of dependency becomes appealable only after the court has pronounced its disposition. See In re Murray (1990), 52 Ohio St.3d 155, 159,556 N.E.2d 1169 (stating that an order is a final appealable order only after both an adjudication and disposition). Here, the trial court filed its entry adjudicating the girls dependent on April 2, 2002 and its entry granting temporary custody of the girls to WCCS on May 31, 2002. Therefore, under ordinary circumstances, the parents had until April 30, 2002 to appeal the dependency adjudication. The parents did not file such an appeal.
 {¶ 12} Nonetheless, the thirty-day time limit for filing the notice of appeal does not begin to run until the later of (1) the entry of the judgment or order appealed if the notice mandated by Civ.R. 58(B) is served within three days of the entry of the judgment; or (2) service of the notice of judgment and its date of entry of service if not made on the party within the three-day period in Civ.R. 58(B). Here, the trial court never endorsed upon the judgment entered May 31, 2002, the required "direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal" as mandated by Civ.R. 58(B). Further, there is no indication in the appearance docket that the clerk served the parents with notice of the judgment as Civ.R. 58(B) requires. Where the trial court never instructed the clerk to send notices to the parties and where no notices were sent in compliance with Civ.R. 58(B), the appeal is deemed timely under App.R. 4(A). City of Whitehall ex rel. Fennessy v. Bambi Motel,Inc. (1998), 131 Ohio App.3d 734, 741, 723 N.E.2d 633.
 {¶ 13} We recognize that the May 31, 2002 entry was signed by counsel for all parties and that the parents do not contend that they did not receive notice of the court's judgment. However, neither constructive nor actual notice can substitute for formal notice in compliance with Civ.R. 58(B). Whitehall, at 741 (appellants' actual knowledge of agreed permanent injunction is insufficient to begin running of time for appeal in absence of formal notice in compliance with Civ.R. 58(B)); Welsh v.Tarentelli (1992), 76 Ohio App.3d 831, 834, 603 N.E.2d 399, 401
(defense counsel's actual knowledge of judgment entry against his client was insufficient to start time running for appeal absent notice from clerk of court); Steel v. Lewellen (May 16, 1996), Fairfield App. Nos. 95CA53 and 95CA54 (appellants' actual knowledge of court's judgment entries insufficient to begin running of time for appeal in absence of formal notice in compliance with Civ.R. 58(B)). Therefore, the parents' actual knowledge of the court's judgment does not render their appeal untimely and we have jurisdiction to consider the new assignments of error.
 {¶ 14} We turn now to the merits of the claims. Father asserts that the trial court erred in accepting his admission of dependency through counsel without directly questioning him. Mother asserts that the trial court erred in accepting her written admission of dependency without any inquiry. Both parents contend that the court failed to comply with Juv.R. 29(D).
 {¶ 15} We recognize that neither parent objected at any point during the trial proceedings to the court's failure to comply with Juv.R. 29(D). Generally, we will not consider issues that an appellant failed to first raise in the trial court. Lippy v.Society Natl. Bank (1993), 88 Ohio App.3d 33, 623 N.E.2d 108. However, if the error is clearly apparent on the face of the record and it is prejudicial to the appellant, the plain error doctrine will permit correction of judicial proceedings.Reichert v. Ingersoll (1985), 18 Ohio St.3d 220, 223,480 N.E.2d 802. The plain error doctrine is applicable in civil cases only in the extremely rare case where the error "seriously affects the basic fairness, integrity, or public reputation of the judicial process." Goldfuss v. Davidson, 79 Ohio St.3d 116,122-123, 1997-Ohio-401, 679 N.E.2d 1099. Because the termination of parental rights is "the family law equivalent of the death penalty," In re Hayes (1997), 79 Ohio St.3d 46, 48,679 N.E.2d 680, a trial court's failure to comply with Juv.R. 29(D) demands application of the plain error doctrine. In re Aldridge, Ross App. No. 02CA2661, at ¶ 16, 2002-Ohio-5988. See, also, In reMurray (1990), 52 Ohio St.3d 155, 156, 556 N.E.2d 1169 (stating that a parent has a "fundamental liberty interest" in the care, custody, and management of his or her child and an "essential" and "basic civil right" to raise his or her children).
 {¶ 16} Juv.R. 29(D) provides: "The court * * * shall not accept an admission without addressing the party personally and determining both of the following: (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission. (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent and to introduce evidence at the adjudicatory hearing."
As we noted in In re Aldridge, Rule 29(D) places an affirmative duty upon the juvenile court. "Prior to accepting a parent's admission, the juvenile court must personally address the parent appearing before the court and determine that the parent, and not merely the attorney, understands the nature of the allegations and the consequences of entering the admission." Id.
 {¶ 17} The court must make careful inquiries to ensure that the party's admission is voluntary, intelligent and knowing. Id., citing In re Beechler (1996), 115 Ohio App.3d 567, 571-572,685 N.E.2d 1257. Strict adherence to the procedures imposed is not constitutionally mandated; substantial compliance will suffice. Id. However, a court's failure to substantially comply with Juv.R. 29(D)'s requirements constitutes prejudicial error that requires a reversal of the adjudication in order to permit the party to plead anew. Id. Determining whether a court has substantially complied with Juv.R. 29(D) is a legal issue which we review de novo. Id., citing In re Jones (Apr. 13, 2000), Gallia App. No. 99CA4.
 {¶ 18} The transcript of the initial hearing reveals that the trial court inquired as to whether Father admitted or denied the allegations of neglect and dependency. Father's counsel responded that Father admitted the allegations. The trial court never addressed Father to ensure that he understood the nature of the allegations or the consequences of his admissions. Mother denied the allegations of neglect and dependency at the initial hearing but later admitted in writing that the girls were dependent. Thereafter, the trial court issued a journal entry finding the girls dependent based on Father's oral and Mother's written admissions. The trial court never inquired as to whether Mother understood the nature of the allegation of dependency or the consequences of admitting that the girls were dependent. Therefore, the court did not comply with Juv.R. 29(D) as to either parent.
 {¶ 19} Because the trial court committed plain error by failing to comply with Juv.R. 29(D), we sustain Mother and Father's "new" assignments of error. The parents' remaining assignments of error are rendered moot. We reverse the trial court's finding that the girls are dependent and its grant of permanent custody to WCCS and remand this matter to the court for further action consistent with this opinion.
Judgment reversed and cause remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellants recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] After the submission of her second brief, Mother filed a Motion to Submit Supplemental Briefing. In that motion, Mother argues that the Ohio Supreme Court's decision in In reWilliams, 101 Ohio St.3d 398, 2004-Ohio-1500, 805 N.E.2d 1110, which was issued after briefing in this case was completed, also mandates reversal of the trial court's award of permanent custody. In Williams, the Supreme Court held that children who are subject to a proceeding involving the termination of parental rights are entitled to independent counsel in certain circumstances, including when their custody wishes conflict with the recommendation of the guardian ad litem. See, also, In reEmery (Apr. 25, 2003), Lawrence App. No. 02CA40, 2003-Ohio-2206 (holding that indigent children are entitled to the appointment of counsel when their interests are in conflict with the role of the guardian ad litem). Both Natasha and Kasey wish to return to Mother's custody but their guardian ad litem recommended the grant of permanent custody to WCCS. Therefore, under Williams
and Emery, Natasha and Kasey may have been entitled to the appointment of independent counsel. Because we are sustaining the parents' "new" assignments of error and reversing the award of permanent custody, we need not determine whether the court erred by failing to appoint counsel for the girls and, if such error occurred, whether the parties waived the girls' right to counsel by failing to request counsel or to object to the trial court's failure to appoint counsel. On remand, the trial court should consider whether the appointment of counsel for the children is necessary.