DECISION AND JUDGEMENT ENTRY
{¶ 1} James Tabler appeals the trial court's judgment adjudicating him a delinquent child for trafficking in crack cocaine, in violation of R.C. 2925.03, a first degree felony if committed by an adult. He argues: (1) the trial court erred by failing to appoint a guardian ad litem; (2) the trial court failed to comply with Juv.R. 29(D); (3) the trial court erred by failing to hold a hearing to determine whether he could pay the financial sanctions the court imposed and by failing to consider community service in lieu of the financial sanctions; and (4) he did not receive effective assistance of counsel. We find Tabler's second argument dispositive of this appeal. The trial court did not substantially comply with Juv.R. 29(D). Instead, it relied upon Tabler's counsel's statement that counsel reviewed the rights Tabler waived by admitting the charge. The court did not personally engage Tabler in a colloquy to ascertain whether he voluntarily, knowingly, and intelligently waived his rights. Thus, we vacate Tabler's admission and commitment, reverse the trial court's judgment, and remand so that Tabler may plead anew.
 {¶ 2} On July 11, 2006, Tabler appeared in court with his mother and counsel for adjudication. The magistrate asked counsel if he "had the opportunity to discuss with James his rights before the court and the nature of the charge and possible consequences if the complaint is found to be true." Counsel responded affirmatively, and the following colloquy ensued:
"Magistrate: Would you waive further reading of those issues on record.?
[Attorney] Payne: Yes we would.
Magistrate: James before I ask you whether the complaints are true or not you understand that that is step two in this process and there can be no promises made to you as to what the dispositional orders will be.
James Tabler: Yes.
Magistrate: You fully understand what the possible consequences are [and] realize that anything in between there all the way up to the maximum consequences could be ordered which in this case could be DYS all the way up to age twenty-one?
James: Yes.
Magistrate: Mr. Payne as to the case of delinquency and trafficking in drugs a first degree felony does your client wish to enter an admission or denial?
[Attorney] Payne: Admission.
Magistrate: James are you wishing to say that the complicity to trafficking in drugs is true?
James Tabler: True.
Magistrate: Is anybody making you tell me that today?
James Tabler: No.
Magistrate: Thank you very much. James I have before me a waiver form that has your signature on it. Did you have time and opportunity to discuss this with your attorney?
James Tabler: Yes.
Magistrate: Are you wanting me to accept your admission for both cases today?
James Tabler: Yes."
 {¶ 3} The magistrate then asked Tabler's mother if she thought Tabler fully understood what was occurring. The mother stated: "yes and I hope that he will get some drug rehabilitation because he is in dyer [sic] need for it. That's what the complicity was for." The magistrate asked the mother if she wished for the magistrate to accept Tabler's admission. The mother stated "yes."
 {¶ 4} After the hearing, the magistrate filed Tabler's waiver form and an entry. The waiver form stated that the court advised Tabler "of the charges against [him], the penalty provided by law, and of [his] rights under the Constitution." The form stated that he understood that he has (1) "[t]he right to a trial with representation of counsel," (2) "[t]he right to face those who accuse me", (3) "[t]hat I cannot be required to testify or to make any statement against myself, and (4) "[t]he right to compulsory process for obtaining witnesses in my behalf." The form then stated: "Fully understanding these rights guaranteed me by the Constitution[,] I hereby waive them in writing and admit to the allegations in the complaint."
 {¶ 5} The second half of the waiver form consisted of the magistrate's "entry," in which she found that Tabler was advised of all his constitutional rights and that he voluntarily, intelligently, and knowingly waived them. The court also found that he understood the nature of the charges and the consequences of his plea.
 {¶ 6} On July 13, 2006, the magistrate entered a decision finding Tabler to be a delinquent child. The magistrate noted that Tabler's counsel advised that he had informed Tabler of his rights and that counsel further stated that he waived "any further reading." The trial court's adoption of the magistrate's decision appears at the bottom of the page and states: "The Court having made an independent analysis of the issues and the applicable law hereby approves and adopts the Magistrate's recommendations and orders it be entered as Judgment as matter of record." Neither party filed any objections.
 {¶ 7} The trial court subsequently ordered Tabler to be committed to the Department of Youth Services for a minimum of one year to the maximum of age 21 and ordered him to pay $104 for court costs and $500 in fines.
 {¶ 8} Tabler timely appealed the court's judgment and assigns the following errors:
 {¶ 9} I. THE JUVENILE COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO APPOINT A GUARDIAN AD LITEM IN VIOLATION OF R.C. 2151.281(A) AND JUV.R 4(B).
 {¶ 10} II. JAMES TABLER'S ADMISSION TO COMPLICITY TO COMMIT DRUG TRAFFICKING WAS NOT KNOWING, VOLUNTARY, AND INTELLIGENT, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, AND JUVENILE RULE 29.
 {¶ 11} III. THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD A HEARING TO DETERMINE WHETHER JAMES TABLER, A JUVENILE, WAS ABLE TO PAY THE SANCTION IMPOSED BY THE JUVENILE COURT AND WHEN IT FAILED TO CONSIDER COMMUNITY SERVICE IN LIEU OF THE FINANCIAL SANCTIONS IN VIOLATION OF RC. 2152.20.
 {¶ 12} IV. JAMES TABLER WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.
 I {¶ 13} Because we find Tabler's second assignment of error dispositive of this appeal, we address it first. In his second assignment of error, Tabler contends that the trial court erred by accepting his admission when he did not knowingly, voluntarily, and intelligently enter his admission. He argues that the court failed to substantially comply with Juv.R. 29(D). In particular, he asserts that the court failed to inform him of (1) the nature of the allegations, (2) the possible consequences of admitting the complaint, and (3) the rights he waived by admitting the charge. Tabler notes that he signed a waiver form and that his attorney advised the magistrate that he informed Tabler of his rights, but asserts that neither the waiver form nor his counsel's representation alleviates the magistrate of the duty to personally address the juvenile and to ascertain that he is voluntarily, knowingly, and intelligently waiving his rights.
 {¶ 14} Initially, we note that Tabler failed to object to the magistrate's decision or to the procedure the court used in accepting Tabler's admission. And, in fact, his counsel waived any discussion of the rights Tabler waived by admitting the charge. Juv.R. 40(D)(3)(b)(i)[2] requires a party to file written objections to a magistrate's decision within fourteen days. Juv.R. 40(D)(3)(b)(iv) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)." Thus, absent objections to a magistrate's decision, a juvenile waives his ability to raise assignments of error related to that decision. See In re Harper, Montgomery App. No. 19948, 2003-Ohio-6666. "The waiver under [former] Juv.R. 40(E)(3)(b) embodies the long-recognized principle that the failure to draw the trial court's attention to possible error, by objection or otherwise, when the error could have been corrected, results in a waiver of the issue for purposes of appeal." In reEtter (1998), 134 Ohio App.3d 484, 492, 731 N.E.2d 694.
 {¶ 15} However, the waiver rule is tempered in two ways. See In reHarper, Montgomery App. No. 19948, 2003-Ohio-6666, at ¶ 5. First, Juv.R. 40(D)(4)(c) obligates a trial court to ensure that there is no "error of law or other defect on the face of the magistrate's decision." Second, appellate courts may recognize plain error. See id. We have previously recognized that a court's failure to substantially comply with Juv.R. 29(D) constitutes plain error. See In re Elliott, Washington App. Nos. 03CA65 and 03CA66, 2004-Ohio-2770, at ¶ 17.
 {¶ 16} Juv.R. 29(D) prohibits a court from accepting a juvenile's admission unless the court personally addresses the juvenile and determines both that (1) "[t]he party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission; and (2) "[t]he party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing." The rule places an affirmative duty upon the juvenile court to personally address the juvenile before the court and determine that the juvenile, and not merely the attorney, understands the nature of the allegations and the consequences of entering the admission. In re Beechler (1996),115 Ohio App.3d 567, 571, 685 N.E.2d 1257. The court must "conduct an on-the-record discussion to determine whether the admission is being entered knowingly and voluntarily." In re West (1998),128 Ohio App.3d 356, 359, 714 N.E.2d 988.
 {¶ 17} The best way to ensure compliance with Juv.R. 29(D) is for the court "to use the language of the rule, `* * * carefully tailored to the child's level of understanding, stopping after each right and asking whether the child understands the right and knows that he is waiving it by entering an admission.'" In re Royal (1999), 132 Ohio App.3d 496,504, 725 N.E.2d 685, quoting In re Miller (1997), 119 Ohio App.3d 52,58, 694 N.E.2d 500.
 {¶ 18} The failure of the juvenile court to substantially comply with the requirements of Juv.R. 29 constitutes prejudicial error that requires a reversal of the adjudication in order to permit the party to plead anew. Beechler, 115 Ohio App.3d at 572; In re Christopher R.
(1995), 101 Ohio App.3d 245, 248, 655 N.E.2d 280. "'Substantial compliance means that under the totality of the circumstances, the [juvenile] subjectively understands the implications of his plea and the rights he is waiving.'" West, 128 Ohio App.3d at 359, quoting State v.Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. Additionally, when "a trial court fails to inform a [juvenile] of one of his or her critical constitutional rights * * * that failure is per se prejudicial." In re Onion (1998), 128 Ohio App.3d 498, 503,715 N.E.2d 604 (citations omitted). We conduct a de novo review to determine whether a trial court substantially complied with Juv.R. 29(D). In reElliot, Washington App. Nos. 03CA65 and 03CA66, 2004-Ohio-2770, at ¶ 17.
 {¶ 19} "'Representations by the defendant's attorney that the defendant understood the rights waived and the consequences of his plea, are not sufficient to demonstrate a knowing and voluntary waiver.'"In re Flynn (1995), 101 Ohio App.3d 778, 783, 656 N.E.2d 737, quotingIn re McKenzie (1995), 102 Ohio Appp.3d 275, 277, 656 N.E.2d 1377. Additionally, "[a] waiver form is not a valid substitute for the court's duty to personally address the juvenile." In re Royal (1999),132 Ohio App.3d 496, 504, 725 N.E.2d 685.
 {¶ 20} In Flynn, for example, the appellate court found that the juvenile court failed to substantially comply with Juv.R. 29(D) when it relied upon counsel's representations that the juvenile understood the rights he waived by admitting the allegation. In Flynn, the referee asked the juvenile if his counsel had advised him of all his rights. The juvenile's counsel responded affirmatively. The referee then asked if the juvenile had any questions, if he was aware that by entering an admission there would be no trial, if he was threatened or promised anything in order to gain his admission, and if the complaint against him was accurate. The juvenile responded affirmatively, and the referee accepted his admission.
 {¶ 21} The appellate court found that Flynn understood the charges, but that the juvenile court did not adequately explain the rights the juvenile waived by entering the admission. The Flynn court found that the juvenile's counsel's statement that he explained the juvenile's rights to him was not sufficient to demonstrate a knowing waiver because the court itself must address the juvenile. The appellate court found the court's colloquy fell "short of apprising appellant of his rights pursuant to Juv.R. 29(D)." Id. at 783. The court also rejected the argument that a waiver form could substitute for the court's duty to personally address the juvenile: "[Although the appellant also signed a form in which he waived his rights, this does not constitute a substitute for the court's duty to address the appellant." Id. at 783 (citations omitted).
 {¶ 22} Similarly, in McKenzie, the appellate court found that the court failed to comply with Juv.R. 29(D) when it did not personally address the juvenile to determine if he understood the consequences of his admission and the rights waived. The court determined that the prosecutor's statements that the juvenile discussed the admission with his attorney and the attorney's concurrence in the prosecutor's representation did not sufficiently demonstrate compliance with Juv.R. 29(D).
 {¶ 23} In Onion, the court held that the juvenile's attorney's recitation of the rights waived was not sufficient to demonstrate that the court complied with Juv.R. 29(D). The court noted that the following colloquy occurred:
 "[Appellant's Counsel]: * * * At this point, the Defendant would, in fact, enter a plea of Guilty to Count 1 as indicated by the prosecutor. I have advised the Defendant that by entering a plea he could be sent to a youth services correction facility for a period of up to [a] minimum period of one year, to a maximum period not to exceed the date of his 21st
birthday.
 I have advised him that he has a right to a trial, that he has a right to confront his witnesses and to subpoena witnesses on his own behalf. He has talked this over with his mother and I believe it to be a voluntary admission.
 The Court: All right. Ricky, you realize what your attorney has just said?
 [Appellant]: Yes, I do.
 The Court: Do you understand all of those things?
 [Appellant]: Yes, I do.
 The Court: Do you realize that you will not have a trial by entering this plea?
 [Appellant]: Yes, I do.
 The Court: And you are giving up all of those rights that go with a trial that have been mentioned to you?
 [Appellant]; Yes, I do.
 The Court: Has anyone forced you to plead guilty to this case?
 [Appellant]: No.
 The Court: Has anyone promised you anything for saying True to this case? * * * Has anyone brought any undue pressure on you to say guilty?
 [Appellant]: No.
 The Court: You are saying guilty because these allegations in the complaint are true?
 [Appellant]: Yes, I am.
 The Court: And you are not doing so, I know, because you want to, but you are doing so because they are true; is that correct?
 [Appellant]: Yes."
The court then accept the juvenile's admission.
 {¶ 24} The appellate court found the trial court failed to substantially comply with Juv.R. 29(D). The court explained: "Although the trial court did ask appellant if he realized or understood what his attorney had just said following the attorney's recitation of some of the rights enumerated in Juv.R. 29(D)(2), the trial court never specifically recited each right or asked whether appellant understood each right." Id. at 501.
 {¶ 25} In the case at bar, just as in Flynn, McKenzie, andOnion, the magistrate did not personally engage Tabler in a colloquy and address each of the rights he waived by entering an admission. See, also, West (finding that the trial court did not substantially comply with Juv.R. 29(D) when it failed to discuss the rights the juvenile waived by entering an admission). As we stated, supra, the juvenile court must personally address the juvenile and must discuss, on-the-record, the rights the juvenile waives by admitting the charge. Here, the magistrate could not simply rely upon Tabler's counsel's statement that he advised Tabler of his rights. Furthermore, the magistrate could not rely upon Tabler's written waiver form. SeeRoyal, supra. Instead, the magistrate should have personally asked Tabler if he waived the rights enumerated in Juv.R. 29(D). The court's failure to substantially comply with Juv.R. 29(D) constitutes prejudicial, plain error.
 {¶ 26} Because we have concluded that the court failed to substantially comply with Juv.R. 29(D) by failing to ascertain that Tabler waived his rights, we need not address Tabler's remaining arguments that the court failed to determine whether he understood the nature of the allegations and the consequences of entering an admission.
 {¶ 27} Accordingly, we sustain Tabler's second assignment of error.
 II {¶ 28} Our disposition of Tabler's second assignment of error renders his remaining assignments of error moot. Therefore, we need not address them. See App.R. 12(A)(1)(c).
 {¶ 29} Accordingly, we vacate Tabler's admission and commitment, reverse the trial court's finding of delinquency, and remand to the trial court so that Tabler may plead anew.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Kline, J.: Concur in Judgment and Opinion.
[2] On July 1, 2006, Juv.R. 40 was amended and Juv.R. 40(E) was deleted. The provisions of former Juv.R. 40(E) are now incorporated into Juv.R. 40(D). Because the magistrate conducted Tabler's adjudication after July 1, 2006, we apply the July 1, 2006 amendments to the rule.