DECISION AND JUDGMENT ENTRY
{¶ 1} C.K. ("Appellant") appeals his adjudication for delinquent chronic truancy and his commitment to the Washington County Juvenile Center. He argues: (1) the juvenile court violated his rights to counsel and due process when it failed to obtain a valid waiver of counsel; (2) the juvenile court erred when it failed to appoint a guardian ad litem for him; (3) the juvenile court erred when it denied his motion to withdraw his admission, thereby denying him of due process; and (4) the juvenile court abused its discretion when it committed him to the Washington County Juvenile Center. Because we find that the juvenile court did not obtain a valid waiver of the Appellant's right to counsel at his arraignment hearing, *Page 2 
we vacate his plea of admission and the subsequent disposition of the case and remand for further proceedings consistent with this decision.
 {¶ 2} On August 2, 2006, a complaint was filed in the Washington County Juvenile Court alleging that the Appellant was a delinquent child for chronic truancy, in violation of R.C. 2152.02(F)(5). On September 19, 2006, the Appellant, who was twelve years old, appeared unrepresented before the juvenile court to defend against the chronic truancy charge. The court proceeded with the hearing, as follows:
 The Court: "Call Case 2006DE683, styled In the Matter of C.K. The case comes on for initial hearing today on a complaint alleging the child to be delinquent by reason of one count of chronic truancy. Are you — did I pronounce that right?
 Appellant: Um-hum.
 The Court: But you go by L.K. maybe?
 Appellant: Yes.
 The Court: Okay. How old are you?
 Appellant: Twelve.
 The Court: And this is your mother and father?
 Appellant's Mother: Yes.
 The Court: Okay. Also present is Mr. Bonar, assistant principal of the junior high. Now, today, L.K., I will read the complaint and ask you to admit or deny what it says. If you admit, I will find you to be a chronic truant, and either proceed to disposition today or decide to continue it so we can investigate further *Page 3 
before we decide what to do. If you deny the charge, I will set this for trial at a later date, and at that trial, you would be given the following rights. The first right would be to present any evidence that you would want to on your own behalf. Secondly, you would have the right to cross examine any witnesses that may be called to testify against you. You would have the right to remain silent and the right to be represented by a lawyer. If you would like a lawyer and you cannot afford to hire one, I would appoint one for you if you so requested and you qualified financially. The possible dispositions, let's see, you've got a previous unruly. You could be fined up to $50.00, be placed on probation with this court. That means Mr. Seckman here would be watching you, talking to your parents, teachers, to see how you're doing at home and at school. You could also be ordered to attend counseling. You could be ordered to work community service hours. That means free work for a charity. Those would be the most typical dispositions. You could if the facts warranted it, be removed from your parents' home and placed with another relative or foster home potentially. Do you understand everything I've just explained?
 Appellant: Yes.
 The Court: And do you wish to have a lawyer?
 Appellant: No.
 * * * The Court: Mr. Seckman is going to ask all of you to sign a waiver of that right to have a lawyer since you do not wish to have one present, and that way we can proceed today."
 {¶ 3} After accepting the Appellant's negative answer as a waiver of counsel, the court read the complaint and informed the Appellant of the following: *Page 4 
 The Court: "You were previously found to be an unruly child by reason of habitual truancy in Case 2006UN43, and that you violated a prior order to not miss more than five consecutive days, seven in a month, or twelve in a school year.
 So, because of that violation, this makes it a chronic truancy.
 Because it is your second time you've been in for truancy, one of the other dispositions that could occur is that you could be placed in the Washington County Juvenile Center for completion of that program.
 That is a minimum six month program. How long you're there actually depends on your behavior. It could be up as long as it takes to have you complete that program. Some kids, it takes six months, others up to two years, it just depends.
 So those are some of the things that I can do in this type of case."
 {¶ 4} Following this explanation, the court asked the Appellant to admit or deny the offense. The Appellant then entered an admission.
 {¶ 5} On October 12, 2006, the Appellant appeared before the court unrepresented for disposition. At the conclusion of the hearing, the court committed the Appellant to the Washington County Juvenile Center to complete its program for a minimum period of six months, up to two years. The court also ordered the Appellant to complete one hundred hours of community service and ordered him to comply with the terms of a supervised probation. The court also ordered the Appellant's legal guardian to complete parenting education classes and a family counseling program. *Page 5 
 {¶ 6} On November 6, 2006, Eric Fowler, Assistant Public Defender for Washington County, filed a Motion to Withdraw Plea of Admission on the Appellant's behalf. On November 13, 2006, the court overruled the motion as to the adjudicatory hearing, but ordered a new dispositional hearing. On December 1, 2006, the court held its second and final dispositional hearing. At the conclusion of the hearing, the court imposed the same disposition as it had on October 12, 2006. On December 18, 2006, Attorney Fowler filed a Motion to Set Aside the Magistrate's Decision/Objections to the Magistrate's Decision. On December 29, 2006, the court affirmed the magistrate's decision. The Appellant presently appeals that decision, asserting the following assignments of error:
 {¶ 7} 1. THE TRIAL COURT VIOLATED C.K.'S RIGHT TO COUNSEL AND RIGHT TO DUE PROCESS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION SIXTEEN OF THE OHIO CONSTITUTION, AND OHIO REVISED CODE SECTION 2151.352, AND JUVENILE RULES 4 AND 29.
 {¶ 8} 2. THE JUVENILE COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO APPOINT A GUARDIAN AD LITEM FOR C.K. IN VIOLATION OF R.C. 2151.281(a) AND JUV.R. 4(B).
 {¶ 9} 3. THE JUVENILE COURT ERRED WHEN IT DENIED C.K.'S MOTION TO WITHDRAW HIS ADMISSION THEREBY DENYING HIM DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES *Page 6 
CONSTITUTUION AND ARTICLE I, SECTION 16, OF THE OHIO CONSTITUTION.
 {¶ 10} 4. THE JUVENILE COURT ABUSED ITS DISCRETION WHEN IT COMMITTED C.K. TO THE WASHINGTON COUNTY JUVENILE CENTER.
 {¶ 11} In his first assignment of error, the Appellant argues that the trial court violated his right to counsel and his right to due process under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, as well as Article I, Section 16 of the Ohio Constitution. He also asserts the trial court violated the rights afforded him by R.C.2151.352 and Juv.R. 4 and 29. In particular, he contends that the trial court erred because it failed to obtain a valid waiver of counsel from him. He argues that the court failed to inform him of the nature of the charges pending against him and other facts that were essential to his understanding of the matter.
 {¶ 12} In In re Gault (1967), 387 U.S. 1, 87 S.Ct. 148, the United States Supreme Court recognized that the due process clause of theFourteenth Amendment requires that juvenile court delinquency hearings measure up to the essentials of due process and fair treatment. The Supreme Court of Ohio adopted the principles of Gault through its decision in In re Agler (1969), 19 Ohio St.2d 70, 249 N.E.2d 808. InAgler, the Court held, "the thrust of Gault is that the disposition, possible and probable, of children involved in delinquency proceedings constitutionally warrants procedures *Page 7 
found necessary to assure the essential fairness of trials or hearings with a substantial binding or coercive effect." Id. at 78. The right to counsel is an essential element of that fairness. Griffin v.Illinois (1956), 351 U.S. 12, 76 S.Ct. 585.
 {¶ 13} In Ohio, the right to counsel is statutory as well as constitutional. R.C. Section 2151.352 and Juv.R. 4 and 29 recognize that the right to counsel does not apply solely to adults. Juvenile defendants are entitled to counsel "at all stages of the proceedings" against them. R.C. 2151.352; Juv.R. 4, 35. The only circumstance under which a juvenile defendant may appear without counsel is after the juvenile court has obtained a valid waiver of the juvenile's right to counsel. RC. 2151.352; Juv.R. 29(B)(4); Juv.R.3. A defendant's waiver of the right to counsel must be voluntary, knowing, and intelligent.State v. Gibson (1976), 45 Ohio St.2d 366, 345 N.E.2d 399, ¶ 1 of the syllabus. In order to establish an effective waiver of the right to counsel, the trial court must make sufficient inquiry to determine whether the defendant fully understands and relinquishes that right. Id., at ¶ 2 of the syllabus. To be valid, a waiver of the right to counsel "must be made with an apprehension of the nature of the charges, the statutory offense included within them, the range of allowablepunishments thereunder, possible defenses to the charges and circumstances *Page 8 
in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. Gibson, supra, citing Von Moltke v.Gillies (1948), 332 U.S. 708, 722, 68 S.Ct. 316 (Emphasis added).
 {¶ 14} Juv.R. 29(D) prohibits a court from accepting a juvenile's admission unless the court personally addresses the juvenile and determines both that: (1) "[t]he party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission; and (2) "[t]he party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing." The rule places an affirmative duty upon the juvenile court to personally address the juvenile before the court and determine that the juvenile, and not merely the attorney, understands the nature of the allegations and the consequences of entering the admission. In re Beechler (1996),115 Ohio App.3d 567, 571, 685 N.E.2d 1257. The court must "conduct an on-the-record discussion to determine whether the admission is being entered knowingly and voluntarily." In re Tabler, Lawrence App. No. 06CA30, 2007-Ohio-411, citing In re West (1998), 128 Ohio App.3d 356,359, 714 N.E.2d 988. *Page 9 
 {¶ 15} The failure of the juvenile court to substantially comply with the requirements of Juv.R. 29 constitutes prejudicial error that requires a reversal of the adjudication in order to permit the party to plead anew. Beechler, 115 Ohio App.3d at 572. Substantial compliance means that under the totality of the circumstances, the juvenile subjectively understands the implications of his plea and the rights he is waiving. Tabler, supra, citing State v. Nero (1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474. Additionally, when "a trial court fails to inform a [juvenile] of one of his or her critical constitutional rights[,] * * * that failure is per se prejudicial." Id. at ¶ 18, citingIn re Onion (1998), 128 Ohio App.3d 498, 503, 715 N.E.2d 604. We conduct a de novo review to determine whether a trial court substantially complied with Juv.R. 29(D). In re Elliot, Washington App. Nos. 03CA65 and 03CA66, 2004-Ohio-2770, at ¶ 17.
 {¶ 16} In the case sub judice, the trial court did not fully inform the Appellant of the nature of the charges and other facts essential to a broad understanding of the situation he faced prior to waiving his right to counsel. It also failed to inform him of all the possible dispositions the court could impose before the child waived his right to counsel. A review of the transcript reveals that the court read the substance of the complaint against the Appellant after he had waived his right to counsel. Most importantly, the *Page 10 
court explained the most severe potential penalty, a commitment to the Washington County Juvenile Center for anywhere from six months to two years, after it had accepted his waiver of counsel. We have stated before that a "court's inquiry must encompass the totality of the circumstances before the court can be satisfied that the offender knowingly, intelligently, and voluntarily waived the right to counsel.In re Estes, Washington App. No. 04CA11, 2004-Ohio-5163, at ¶ 14. Under this analysis, a trial court must give close scrutiny to factors such as the juvenile's age, emotional stability, mental capacity, and prior criminal experience. Id.
 {¶ 17} Here, because the court did not fully apprise the Appellant of the nature of the charges and his potential commitment to the Washington County Juvenile Center, the Appellant did not have the opportunity to "knowingly and intelligently" waive his right to counsel. Furthermore, when weighing the totality of the circumstances, the record reflects that the Appellant was only twelve years old at the time of the offense, does not have an extensive juvenile court history, and had only been involved in the juvenile justice system on prior occasions for truancy, not delinquency, complaints. The record also shows that a psychologist determined the Appellant was in need of counseling to assist him with feelings of grief due to the death of his grandmother, with whom he was close. In light of these *Page 11 
facts, we find that the trial court did not engage in sufficient inquiry to determine whether the Appellant fully understood and intelligently relinquished his right to counsel when it accepted his statement as a valid waiver of his right to counsel.
 {¶ 18} Because we find that the court failed to substantially comply with Juv.R. 29(D) when it ascertained that the Appellant waived his rights, we need not address the Appellant's remaining assignments of error. See App.R. 12(A)(1)(c). Accordingly, we vacate the Appellant's plea of admission and the disposition of the case, and remand the case to the trial court for proceedings consistent with this opinion.
 PLEA AND DISPOSITION VACATED AND CAUSE REMANDED. *Page 12 
 JUDGMENT ENTRY
It is ordered that the PLEA AND DISPOSITION BE VACATED AND THE CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed. The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
 Kline, J.: Concurs in Judgment Only. *Page 1