DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, D.S., a minor child, appeals from the judgment of the Lorain County Court of Common Pleas, Juvenile Division, committing him to the Ohio Department of Youth Services ("DYS") for a minimum of 12 months. This Court reverses and remands for proceedings consistent with this opinion.
 I. {¶ 2} On February 10, 2005, a complaint was filed in the Lorain County Court of Common Pleas, Juvenile Division, alleging that D.S., a 13 year old minor, was a delinquent child based upon one count of aggravated arson, in violation of R.C. 2909.02. *Page 2 
 {¶ 3} On June 14, 2005, D.S., represented by counsel, appeared before a magistrate and admitted to the charges in the complaint. The magistrate adjudicated D.S. a delinquent child. On June 21, 2005, the magistrate filed an order with the court. This order stated that D.S. was adjudicated a delinquent child and that the case was continued for disposition. Further, the order referred D.S. to the Lorain County Juvenile Court Drug Program. If D.S. completed this drug program, the charges against him were to be dropped. If he did not complete the drug program, dispositional orders would be entered. On June 23, 3005, another magistrate order was filed, stating that D.S. had been accepted into the drug program. Neither order was signed by a judge. Over the next year and a half, D.S. attended several drug court status review hearings. On August 8, 2006, the matter was re-referred to the investigation and referral team.
 {¶ 4} On December 1, 2006, D.S. appeared with counsel for a disposition hearing conducted by a juvenile court judge. As a result of this hearing, D.S. was committed to the Ohio Department of Youth Services ("DYS") for a period of no less than one year, not to exceed D.S.'s 21st birthday. D.S. timely appealed this decision, raising five assignments of error for our review.
 II. ASSIGNMENT OF ERROR I *Page 3 "[D.S.'S] ADMISSION WAS NOT KNOWING, VOLUNTARY, AND INTELLIGENT, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE 1, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, AND JUVENILE RULE 29."
 {¶ 5} In his first assignment of error, D.S. contends that his admission was not knowing, voluntary, and intelligent, in violation of the United States and Ohio Constitutions and Juvenile Rule 29. We agree.
 {¶ 6} At the outset, we note that the State contends that this Court lacks jurisdiction over the instant appeal because the orders from which D.S. appeals are not final, appealable orders. The State's argument rests on the fact that the magistrate's decision of June 21, 2005 was not signed by the trial court judge, and was never adopted; therefore, the decision was not final and appealable. This contention is without merit. This Court has held repeatedly, most notably in Harkai v. ScherbaIndustries, Inc. (2000), 136 Ohio App.3d 211, 218, that a trial court cannot merely adopt a magistrate's decision but must enter its own judgment that sets forth "the outcome of the dispute and the remedy provided." Id. We note that the trial court entered its judgment on December 1, 2006. This entry states that "the Court, having instituted an investigation and having heard the evidence adduced and being fully advised in the premises, finds that *** said child is a delinquent child by reasons of having committed an act which if committed by an adult would constitute a Felony 1, to wit: a violation of Section 2909.02(A)(1)." The entry then proceeds to disposition. We find the trial court's December 1, *Page 4 
2006 judgment entry sets forth the outcome of the dispute, i.e., that Appellant is adjudicated delinquent, and the remedy provided, i.e., a commitment to DYS. Accordingly, the trial court has entered its own judgment and it is from this judgment that D.S. appeals. Therefore, we find the entry to be a final, appealable order.
 {¶ 7} Juv.R. 29(D) governs the procedures regarding the entry of an admission by a juvenile by providing as follows:
 "The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 "(2) The party understands that by entering an admission the party is waiving the right to challenge witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
 {¶ 8} "An admission in a delinquency proceeding is analogous to a guilty plea made by an adult in a criminal proceeding pursuant to Crim.R. 11(C)." In re Anderson, 9th Dist. No. 02CA0009, 2002-Ohio-3984, at ¶ 11. Further, as the Ohio Supreme Court has recently explained, "in a juvenile delinquency case, the preferred practice is strict compliance with Juv.R. 29(D). We further hold, however, that if the trial court substantially complies with Juv.R. 29(D) in accepting an admission by a juvenile, the plea will be deemed voluntary absent a showing of prejudice by the juvenile or a showing that the totality of the *Page 5 
circumstances does not support a finding of a valid waiver." In reC.S., ___ Ohio St.3d ___, 2007-Ohio-4919, at ¶ 113. Failure of the trial court to substantially comply with the provisions of Juv.R. 29(D) requires reversal, allowing the juvenile to "plead anew." In reChristopher R. (1995), 101 Ohio App.3d 245, 248, quoting In re Meyer(Jan. 15, 1992), 1st Dis. . C-910292, C-910404.
 "`Substantial compliance means that under the totality of the circumstances, the juvenile subjectively understands the implications of his plea and the rights he is waiving.' Additionally, when `a trial court fails to inform a [juvenile] of one of his or her critical constitutional rights[,] * * * that failure is per se prejudicial.'" (Internal citations omitted.) In re C.K., 4th Dist. No. 07CA4, 2007-Ohio-3234, at ¶ 15.
 {¶ 9} D.S. argues in part, that the trial court did not substantially comply with Juv.R. 29(D) to ensure that he understood the rights he was waiving. Because we find that D.S. was not informed of his right to remain silent, we agree.
 {¶ 10} Juv.R. 29(D) places an affirmative duty upon the trial court to "inform the juvenile of the rights he is waiving by entering the admission, such as the rights to challenge the witnesses and evidence against him, to remain silent, and to introduce evidence at the adjudicatory hearing." In re J.J., 9th Dist. No. 21386, 2004-Ohio-1429, at ¶ 8; see, also In re Beechler (1996), 115 Ohio App.3d 567, 571.
 "In this context, there can be no doubt that the `right to remain silent' refers to the juvenile's Fifth Amendment privilege against self-incrimination. Pursuant to Juv.R. 29(D)(2), the juvenile must be informed that he is waiving his right to remain silent at the adjudicatory hearing in the same manner as an adult criminal *Page 6 
defendant pursuant to Crim.R. 11(C)." In re Onion (1998), 128 Ohio App.3d 498, 503.
 {¶ 11} In the instant case, the trial court conducted the following colloquy with regard to D.S.'s constitutional rights:
 "THE COURT: *** And in a trial, you have certain rights, the right to face your accuser, call your own witnesses, and testify. Do you understand that?
 "THE JUVENILE: Yes, sir.
 "THE COURT: Did you want to have a trial?
 "THE JUVENILE: No."
The above-quoted colloquy is the only specific reference the trial court made to D.S.'s constitutional rights. It does not mention the right to remain silent. Further, we find nothing in the record to indicate that D.S. subjectively understood that by admitting to the charges, he would be waiving his right to remain silent. Clearly, D.S. could not knowingly and intelligently waive a right of which he was never informed.
 {¶ 12} Because the trial court did not explain or even refer to the right to remain silent, D.S.'s admission cannot be considered knowingly and voluntarily entered. Onion, 128 Ohio App. 3d, at 503. Accordingly, D.S.'s first assignment of error is sustained. The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.
 ASSIGNMENT OF ERROR II *Page 7 "THE JUVENILE COURT VIOLATED [D.S.'S] RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE 1, SECTION SIXTEEN OF THE OHIO CONSTITUTION; AND JUV.R. 29, WHEN IT ENTERED DISPOSITION MORE THAN SIX MONTHS AFTER ADJUDICATION AND WHEN THE JUDGE FAILED TO APPROVE THE MAGISTRATE'S ORDERS."
 ASSIGNMENT OF ERROR III "[D.S.] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION SIXTEEN OF THE OHIO CONSTITUTION WHEN DEFENSE COUNSEL FAILED TO SEEK A WRIT OF MANDAMUS TO CORRECT AN ERROR BY THE JUVENILE COURT."
 ASSIGNMENT OF ERROR IV "THE JUVENILE COURT VIOLATED [D.S.'S] RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION SIXTEEN OF THE OHIO CONSTITUTION; AND JUV.R. 35, WHEN IT FAILED TO FOLLOW THE REQUIREMENTS OF JUV.R. 35(B)."
 ASSIGNMENT OF ERROR V "THE JUVENILE COURT ERRED WHEN IT CREDITED [D.S.] ZERO DAYS CREDIT FOR TIME SERVED IN DETENTION IN CONNECTION WITH THE DELINQUENT CHILD COMPLAINT FOR WHICH HE WAS COMMITTED TO THE OHIO DEPARTMENT OF YOUTH SERVICES IN VIOLATION OF R.C. 2152.18(B)."
 {¶ 13} In light of our disposition of D.S.'s first assignment of error, we need not address his remaining assignments of error as they are rendered moot.
 III. *Page 8 {¶ 14} D.S.'s first assignment of error is sustained. D.S.'s second, third, fourth and fifth assignments of error are rendered moot. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. Costs taxed to Appellee. *Page 9 
 WHITMORE, P. J. CARR, J. CONCUR. *Page 1