OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the brief of appellant, Willie Dawson. Appellee, the state of Ohio, has not filed an appellate brief. Dawson appeals the judgment entered by the Trumbull County Court of Common Pleas, Juvenile Division. Dawson pled true to violating his probation and to inducing panic. Thereafter, the trial court issued an order adjudicating Dawson delinquent.
 {¶ 2} A complaint was filed against Dawson, alleging he was delinquent. The complaint alleged Dawson set off a fire alarm in his cell while in juvenile detention. The complaint charged Dawson with inducing panic, in violation of R.C. 2917.31, a fourthdegree felony if committed by an adult.
 {¶ 3} On February 3, 2004, a plea hearing was held on this charge, as well as five other charges against Dawson with different case numbers. Dawson pled true to the inducing panic charge and to violating his probation, a charge with a different case number. The remaining charges were dismissed.
 {¶ 4} The hearing was held before a magistrate. The hearing was videotaped; however, the videotape is of poor quality. Generally, only the magistrate's voice can be understood. A transcript of the proceeding was made from the videotape. The transcript contains numerous instances where the transcriber was unable to determine what was being said and indicated the voice was "inaudible."
 {¶ 5} The magistrate recommended a commitment to the Department of Youth Services for six months and a $100 fine. On February 4, 2004, the trial court issued a judgment entry adopting the magistrate's recommendation.
 {¶ 6} Dawson appealed the judgment of the trial court relating to the inducing panic charge. While this appeal was pending, a question arose as to whether the trial court's judgment entry was a final appealable order. This court remanded the matter to the trial court to clarify whether Dawson was adjudicated delinquent. On August 18, 2004, the trial court issued a corrected judgment entry indicating that Dawson was adjudicated delinquent.
 {¶ 7} While his appeal was pending, Dawson filed a motion to supplement the record with this court. Dawson sought to have certain disciplinary reports added to the record. This court remanded the matter to the trial court for the trial court to determine whether the documents were properly before it. The trial court ruled that the documents were not part of the record.
 {¶ 8} Dawson raises four assignments of error. His first assignment of error is:
 {¶ 9} "The trial court erred to the prejudice of Willie Dawson by accepting a plea that was not knowing, intelligent, and voluntary."
 {¶ 10} Juvenile admissions are governed by Juv.R. 29(D), which provides:
 {¶ 11} "The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 12} "(1) The party is making the admission voluntarily with the understanding of the nature of the allegations and the consequences of the admission;
 {¶ 13} "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
 {¶ 14} When determining whether a juvenile's admission complies with Juv.R. 29(D), an appellate court employs a similar review to that of whether an adult's guilty plea complies with Crim.R. 11.[1] Therefore, when determining whether the juvenile's nonconstitutional rights were infringed upon, a substantial compliance standard is used.[2] However, when analyzing whether constitutional rights were compromised, a strict compliance standard is used.[3]
 {¶ 15} Juv.R. 29(D)(2), pertains to constitutional rights of the juvenile, including the right to remain silent and the right to confront adverse witnesses.[4] Thus, the trial court was required to strictly comply with the rule.
 {¶ 16} As noted in our analysis of Dawson's second assignment of error, the transcript of the hearing is of poor quality. However, the magistrate's voice was sufficiently recorded. The transcript reveals the magistrate completely failed to ask Dawson whether he understood he was waiving his right to remain silent, his right to present evidence, and his right to challenge adverse witnesses and evidence.
 {¶ 17} The failure of a trial court to comply with Juv.R. 29(D)(2) is reversible error.[5] As such, the judgment of the trial court accepting Dawson's true plea is reversed.
 {¶ 18} Dawson's first assignment of error has merit.
 {¶ 19} Dawson's second assignment of error is:
 {¶ 20} "The trial court erred to the prejudice of Willie Dawson by failing to employ an adequate recording device to maintain a complete recording of all proceedings."
 {¶ 21} Juv.R. 37 provides, in part:
 {¶ 22} "The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases[.]"
 {¶ 23} This court has held that "juvenile courts must strictly comply with the requirement in amended Juv.R. 37, and the failure to record adjudicatory or dispositional hearings contrary to that rule invalidates a juvenile's plea regardless of whatever information may be contained in the rest of the court's paperwork."[6]
 {¶ 24} The following colloquy occurred at the change of plea hearing:
 {¶ 25} "THE COURT: And you understand you have a right to have an attorney. Ms. Costanzo is here. You have had the chance to speak with her. Do you understand the advice she has given to you?
 {¶ 26} "MR. DAWSON: (Inaudible).
 {¶ 27} "THE COURT: Do you have any questions about that?
 {¶ 28} "MR. DAWSON: (Inaudible).
 {¶ 29} "THE COURT: What is that?
 {¶ 30} "MR. DAWSON: (Inaudible).
 {¶ 31} "THE COURT: You need to talk to Ms. Costanzo then.
 {¶ 32} "ATTORNEY COSTANZO: (Inaudible).
 {¶ 33} "THE COURT: I can't go into the facts of that, [Dawson].
 {¶ 34} "UNIDENTIFIED SPEAKER: (Inaudible).
 {¶ 35} "THE COURT: All right, [Dawson], do you understand the advice Ms. Costanzo has given to you? Do you have any questions about that?
 {¶ 36} "MR. DAWSON: (Inaudible)."
 {¶ 37} The trial court did employ a method of recording the hearing. However, due to technical or other difficulties, the transcript of the hearing is inadequate for the purpose of Juv.R. 37. The transcript reveals that ten of Dawson's responses, the vast majority, are entirely inaudible. A review of the videotape of the hearing does not provide any additional help in clarifying the responses.
 {¶ 38} As we previously held, Dawson's plea was invalid due to the trial court's failure to comply with Juv.R. 29. In addition, due to the poor quality of the transcript and videotape, we are unable to determine that the trial court even minimally complied with the requirement of ensuring that Dawson's plea was entered knowingly, voluntarily, and intelligently.
 {¶ 39} Dawson's second assignment of error has merit.
 {¶ 40} Dawson's third and fourth assignments of error are:
 {¶ 41} "[3.] The trial court erred to the prejudice of Willie Dawson when it failed to order a competency hearing when under a duty to do so.
 {¶ 42} "[4.] Willie Dawson was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section Sixteen, Article One of the Ohio Constitution."
 {¶ 43} In both of these assigned errors, Dawson claims he should have had a competency hearing. A competency hearing becomes a constitutional guarantee if the record contains "`"sufficient indicia of incompetence."'"[7]
 {¶ 44} In support of his argument, Dawson references disciplinary reports attached to his appellate brief, which he claims demonstrate the need for a competency hearing. However, the trial court specifically ruled that these documents are not part of the record. Likewise, our review of the record reveals it is devoid of these documents. Finally, Dawson has not demonstrated that these documents were filed with the trial court or introduced as exhibits at any hearing.
 {¶ 45} An appellate court is limited to the record before it.[8] In addition, this court has previously held that "[i]f appellant cannot demonstrate the claimed error then we presume the regularity of the trial court proceedings and affirm the judgment."[9]
 {¶ 46} Since the documents attached to Dawson's brief are not contained in the record, we cannot consider them. A review of the remaining portions of the record does not support Dawson's claimed errors regarding the failure to hold a competency hearing.
 {¶ 47} As an aside, we note that due to our analysis of Dawson's first two assignments of error, we are remanding this matter to the trial court. Thus, Dawson's counsel or the trial court may entertain the necessity of a competency hearing upon remand.
 {¶ 48} Dawson's third and fourth assignments of error are without merit.
 {¶ 49} The judgment of the trial court is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion.
O'Toole, J., concurs, Grendell, J., dissents.
[1] In re Jordan, 11th Dist. No. 2001-T-0067, 2002-Ohio-2820, at ¶ 10.
[2] Id. at ¶ 11.
[3] In re Javis (Sept. 15, 2000), 11th Dist. No. 99-A-0017, 2000 Ohio App. LEXIS 4207, at *5.
[4] See In re Onion (1998), 128 Ohio App.3d 498, 503; State v.Nero (1990), 56 Ohio St.3d 106, 107; and In re Jarvis, supra.
[5] In re Onion, 128 Ohio App.3d at 504.
[6] In re Dikun (Nov. 28, 1997), 11th Dist. No. 96-T-5558, 1997 Ohio App. LEXIS 5332, at *6.
[7] State v. Smith (2000), 89 Ohio St.3d 323, 329, quoting State v.Berry (1995), 72 Ohio St.3d 354, 359.
[8] See, e.g., State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus.
[9] State v. Davis (Dec. 4, 1998), 11th Dist. No. 97-P-0111, 1998 Ohio App. LEXIS 5810, at *2, citing Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 19; Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199; Bucary v. Rothrock (July 13, 1990), 11th Dist. No. 89-L-14-046, 1990 Ohio App. LEXIS 2854, at *2-3.