OPINION
{¶ 1} This matter is submitted to this court on the record and brief of appellant, Arlet A. Stoutamire. Appellee, the state of Ohio, has not filed an appellate brief. Stoutamire appeals the judgment entered by the Trumbull County Court of Common Pleas, Juvenile Division.
 {¶ 2} A complaint was filed against Stoutamire alleging she was delinquent. The complaint charged Stoutamire with one count of possession of marijuana, a fourth-degree misdemeanor if committed by an adult, and one count of tampering with evidence, a third-degree felony if committed by an adult.
 {¶ 3} Stoutamire initially pled not true to the charges against her. On January 27, 2004, Stoutamire changed her plea to true in regard to the tampering with evidence charge. The possession of marijuana charge was dismissed. At the change of plea hearing, Stoutamire was represented by counsel. The trial court accepted her true plea and adjudicated her a delinquent child. The trial court sentenced Stoutamire to a minimum of six months in juvenile detention.
 {¶ 4} There is no transcript of the change of plea hearing. In response to Stoutamire's appellate counsel's inquiry about the existence of a transcript, Tina Alder, the court reporter for the trial court, filed an affidavit indicating that the hearing was videotaped, but no audio was recorded, therefore, no transcript of the hearing was available. The videotape was submitted to this court, and it is completely inaudible.
 {¶ 5} Stoutamire raises three assignments of error. Her first assignment of error is:
 {¶ 6} "The juvenile court committed reversible error when it failed to create a complete record in violation of Juvenile Rule 37(A)."
 {¶ 7} Juv.R. 37 provides, in part:
 {¶ 8} "The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases[.]"
 {¶ 9} "This court has held that `juvenile courts must strictly comply with the requirement in amended Juv.R. 37, and the failure to record adjudicatory or dispositional hearings contrary to that rule invalidates a juvenile's plea regardless of whatever information might be contained in the rest of the court's paperwork.'"[1]
 {¶ 10} Without a proper transcript of the change of plea hearing, this court is unable to ensure that the trial court properly complied with Juv.R. 29(D) and that Stoutamire's plea was entered knowingly, voluntarily, and intelligently.
 {¶ 11} The trial court did not employ an adequate method of recording the hearing. Therefore, Stoutamire's true plea must be vacated.[2]
 {¶ 12} Stoutamire's first assignment of error has merit.
 {¶ 13} Stoutamire's second and third assignments of error are:
 {¶ 14} "[2.] Arlet Stoutamire was denied the effective assistance of counsel when counsel entered an admission of true on her client's behalf to tampering with evidence when insufficient evidence existed to support the mens rea required for R.C. 2921.12.
 {¶ 15} "[3.] Arlet Stoutamire is forced to argue on appeal without a complete transcript and record of the proceedings in the trial court, thus denying her due process and the effective assistance of counsel in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments [to the United States Constitution] as well as Art. I, §§ 2, 9, 10, and 16 of the Ohio Constitution."
 {¶ 16} Due to our analysis of Stoutamire's first assignment of error, this matter is being remanded to the trial court. Thus, these assignments of error are moot.[3]
 {¶ 17} The judgment of the trial court is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion.
Donald R. Ford, P.J., Colleen Mary O'Toole, J., concur.
[1] In re Dawson, 11th Dist. No. 2004-T-0027, 2005-Ohio-2088, at ¶ 23, quoting In re Dikun (Nov. 28, 1997), 11th Dist. No. 96-T-5558, 1997 Ohio App. LEXIS 5332, at *6.
[2] Id.
[3] See App.R. 12(A)(1)(c).