OPINION
{¶ 1} Appellant, Jesse H., appeals the Judgment Entry of the Trumbull County Court of Common Pleas, Juvenile Division, ordering him to serve a six-month suspended commitment with the Department of Youth Services for violating the conditions of probation. For the following reasons, we reverse the decision of the lower court and remand this matter for further proceedings. *Page 2 
 {¶ 2} On August 21, 2007, a complaint was filed in juvenile court alleging that then thirteen-year-old, Jesse H., was delinquent of one count of Breaking and Entering, a violation of R.C. 2911.13(A), a felony of the fifth degree if committed by an adult. On October 2, 2007, Jesse entered an admission to the charge, and received a six-month minimum commitment to the Department of Youth Services, suspended pending Jesse's successful completion of probation.
 {¶ 3} The present case was initiated on January 8, 2008, when a complaint was filed alleging that Jesse had violated the conditions of his probation, contrary to R.C. 2152.02(F)(2).
 {¶ 4} On February 4, 2008, a probation revocation hearing was held, where Jesse appeared without counsel and admitted the violation.
 {¶ 5} On February 6, 2008, the juvenile court imposed the suspended commitment and transferred Jesse to the Department of Youth Services.
 {¶ 6} On June 6, 2008, Jesse filed a Motion for Leave to File a Delayed Appeal, which this court granted on July 21, 2008.
 {¶ 7} On October 1, 2008, Jesse filed an Attempt to Prepare 9(C) Statement. Attached to the filing was the affidavit of Barb Povec, an official Court Reporter for the juvenile court. Povec attested that it is the policy of the juvenile court to preserve tape-recorded proceedings for a period of sixty days following the hearing date. Povec further attested that she searched for the recording of the February 4, 2008 probation revocation hearing but was unable to find it, and that the recording of this hearing no longer exists. *Page 3 
 {¶ 8} On appeal, Jesse raises the following assignment of error: "The juvenile court committed reversible error when it failed to comply with the requirements of Juv. R. 37(A) and create a record of the hearing held on February 4, 2008, in Case No. 2008 JD 00028. This was a violation of the Juvenile Rules and of Jesse H.'s right to due process. Fifth andFourteenth Amendments to the United States Constitution; Article I, Sections 10 and 16 of the Ohio Constitution."
 {¶ 9} The Ohio Rules of Juvenile Procedure provide that "[t]he juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases." Juv. R. 37(A). According to the Rules of Superintendence for the Courts of Ohio, "[d]elinquency * * * records shall be retained for two years after the final order of the juvenile division." Sup. R. 26.03(H)(1).
 {¶ 10} The Ohio Supreme Court has held: "When a juvenile court fails to comply with the recording requirements of Juv. R. 37(A) and an appellant attempts but is unable to submit an App. R. 9(C) statement to correct or supplement the record, the matter must be remanded to the juvenile court for a rehearing." In re B.E., 102 Ohio St.3d 388,2004-Ohio-3361, at syllabus; In re Stoutamire, 11th Dist. No. 2005-T-0040, 2006-Ohio-5365, at ¶ 9 ("juvenile courts must strictly comply with the requirement in amended Juv. R. 37, and the failure to record adjudicatory or dispositional hearings contrary to that rule invalidates a juvenile's plea regardless of whatever information might be contained in the rest of the court's paperwork") (citations omitted).
 {¶ 11} In light of these precedents, the State concedes the error.
 {¶ 12} The sole assignment of error is with merit. *Page 4 
 {¶ 13} The judgment of the Trumbull County Court of Common Pleas, Juvenile Division, accepting Jesse's plea to violating probation and imposing the order of commitment to the Department of Youth Services is reversed, and this matter is remanded to the juvenile court for further proceedings consistent with this opinion. Costs to be taxed against appellee.
 COLLEEN MARY O'TOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1