[Cite as *In re A.E.*, 2011-Ohio-4746.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN RE: A.E. (A Minor Child) | : | JUDGES: |
|  | : | W. Scott Gwin, P.J. |
|  | : | John W. Wise, J. |
|  | : | Julie A. Edwards, J. |
|  | : |  |
|  | : | Case Nos. 10-CA-107 & 10-CA-108 |
|  | : |  |
|  | : |  |
|  | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Civil Appeal from Licking County
                                 Court of Common Pleas, Juvenile
                                 Division, Case No.
                                 A2010-0402

JUDGMENT:                        Reversed and Remanded

DATE OF JUDGMENT ENTRY:          September 14, 2011

APPEARANCES:

For State of Ohio                For A.E.

KENNETH OSWALT                   AMANDA J. POWELL
Licking County Prosecutor        Assistant State Public Defender
Administration Building          250 E. Broad Street, Suite 1400
20 South Second Street           Columbus, Ohio  43215
Newark, Ohio  43055

Guardian ad Litem

JESSIKA GUALTIERI
P.O. box 82542
Columbus, Ohio  43202

*Edwards, J.*

{¶1} Appellants, A.E. and Guardian Ad Litem Jessika Gualtieri, appeal from the September 2, 2010, Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division.

## STATEMENT OF THE FACTS AND CASE

{¶2} On June 4, 2010, a complaint was filed in Licking County Court of Common Pleas, Juvenile Division, alleging that appellant A.E. (DOB 11/27/96) was a delinquent child. The complaint alleged that appellant A.E. had committed two counts of gross sexual imposition, each a felony of the third degree if committed by an adult. The alleged victim was appellant A.E.'s younger brother. On June 4, 2010, the trial court appointed Jessika Gualtieri as Guardian Ad Litem and also appointed counsel for appellant A.E..

{¶3} On July 6, 2010, the Guardian Ad Litem filed a Motion to Suppress, seeking to suppress statements that appellant A.E. had made to any members of the Newark Police Department or any of it agents. The Guardian Ad Litem, in her motion, alleged that appellant A.E.'s statements were the product of a custodial interrogation and that there was no waiver of appellant A.E.'s constitutional rights. The Guardian Ad Litem indicated in her motion that appellant A.E. had explicitly requested counsel during his interrogation. Appellee State of Ohio filed a response to such motion on July 8, 2010.

{¶4} As memorialized in a Judgment Entry filed on July 9, 2010, the trial court denied such motion. The trial court, in its Judgment Entry, held that the Guardian Ad Litem had no standing to file such a motion, that the motion was not timely filed in

accordance with Juv.R. 22(E) and that at pretrial held on June 21, 2010, at which the Guardian Ad Litem was present, the record indicated that the adjudication was uncontested and was to be set for a change of plea hearing.  The trial court further held that the certificate of service on such motion was defective because the date of service had been omitted.

{¶5} On July 12, 2010 at an adjudication hearing, appellant A.E. admitted to both counts of gross sexual imposition and the trial court found him delinquent. A dispositional hearing was set for August 10, 2010. The hearing was later continued to September 2, 2010.

{¶6} Pursuant to a Magistrate's Decision filed on September 2, 2010, the Magistrate recommended that appellant A.E. be committed to the Department of Youth Services for a minimum of six months and a maximum period not to exceed age 21 on each count. The Magistrate recommended that the commitments run consecutively for a total minimum commitment of one year. The Magistrate also recommended that appellant A.E. pay court costs.

{¶7} As memorialized in a Judgment Entry filed on September 3, 2010, the trial court approved and adopted the Magistrate's Decision.

{¶8} Appellant A.E. now raises the following assignments of error on appeal:

{¶9} "I. A.E.'S ADMISSIONS WERE NOT KNOWING, VOLUNTARY, AND INTELLIGENT, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION, AND JUVENILE RULE 29.

{¶10} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO CONSIDER COMMUNITY SERVICE IN LIEU OF IMPOSING A FINANCIAL SANCTION IN VIOLATION OF R.C. 2152.20(D).

{¶11} "III. A.E. WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION."

{¶12} The Guardian Ad Litem raises the following assignment of error on appeal:

{¶13} "IV. THE TRIAL COURT ERRED WHEN IT DENIED THE GUARDIAN AD LITEM'S MOTION TO SUPPRESS THE STATEMENTS OF A.E., IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION, SUP.R. 48(D)(6), JUV.R. 22(E), AND JUV.R. 20(C)."

I

{¶14} Appellant A.E., in his first assignment of error, argues that his admissions to two counts of gross sexual imposition were not knowing, voluntary and intelligent. We agree.

{¶15} Juv. R. 29(D) governs admissions in the juvenile court:

{¶16} "The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

{¶17} "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

**{¶18}** "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."

**{¶19}** In a juvenile delinquency case, the preferred practice is strict compliance with Juvenile Rule 29(D). *In re C.S.,* 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 113. However, if the trial court substantially complies with Juv. R. 29(D) in accepting an admission from a juvenile, the plea is deemed voluntary absent a showing of prejudice or a showing that the totality of the circumstances does not support a finding of a valid waiver. *Id.* See In *re: L.A.B.,* 121 Ohio St.3d 112, 2009-Ohio-354, 902 N.E.2d 471 (Juv. R. 29 requires only substantial compliance). Substantial compliance for purposes of juvenile delinquency proceedings means that under the totality of the circumstances, the juvenile subjectively understood the implications of his plea. *In re C.S.*, supra.

**{¶20}** However, a court must strictly comply with Juv.R. 29(D) as pertains to critical constitutional rights, as opposed to non-constitutional rights. See *In re Onion* (1998), 128 Ohio App.3d 498, 503, 715 N.E.2d 604, citing *State v. Ballard,* 66 Ohio St.2d at 476, 423 N.E.2d 115. When "a trial court fails to inform a [juvenile] of one of his or her critical constitutional rights * * * that failure is per se prejudicial." *In re Onion* (1998), 128 Ohio App.3d 498, 503, 715 N.E.2d 604 (citations omitted). The failure of the trial court to comply with Juv.R. 29(D)(2) is reversible error. See *In re Onion*, supra. and *In Re: Dawson*, Trumbull App. No. 2004-T-0027, 2005-Ohio-2088.

**{¶21}** Appellant A.E. specifically contends that the trial court erred when it failed to explain the nature of the allegations against him as required by Juv.R. 29(D)(1).

Appellant A.E. argues that the court did not advise him that his behavior was an offense because A.E. was 13 years of age and his brother was under the age of 13. Appellant A.E. also maintains that the trial court did not inquire whether he understood the nature of the allegations, did not adequately explain the consequences of his admission in accordance with Juv.R. 29(D)(1) and did not determine that A.E. understood that by admitting to two counts of gross sexual imposition he was waiving his right to introduce evidence at the adjudicatory hearing as required by Juv.R. 29(D)(2).

{¶22} As is stated above, appellant A.E. argues that the trial court failed to explain the nature of the allegations against appellant as required by Juv.R.(D)(1)- specifically, that the behavior was an offense because appellant A.E. was thirteen (13) years of age and his brother, the victim herein, was under thirteen (13) years of age. Appellant A.E. also argues that the trial court did not inquire whether appellant understood the nature of the allegations. Appellant A.E. specifically cites to the following colloquy:

{¶23} "Q. Your attorney, Ruthellen Weaver, has said to the Court that you wish to withdraw the previously entered pleas of deny and enter pleas of admit to the two-count delinquency complaint, and also enter pleas of admit to the unruly charge; is that true or correct?

{¶24} "A. Yes, sir.

{¶25} "Q. Do you understand what the word admit means?

{¶26} "A. Yes, sir.

{¶27} "Q. What does it mean?

{¶28} "A. That I accept - - I know - - like accepting the charges.

{¶29} "Q. Yes. And I'll elaborate a little bit further. By entering pleas of admit, you're saying, Judge, it's true, I did what I'm accused of having done.

{¶30} "A. Yes, sir.

{¶31} "Q. And, in your particular instance with regard to the delinquency complaint, you're saying, yes, it's true, sometime between November the 27th of last year, 2009, and January the 23rd of this year, that I did engage or have sexual contact with another person - -

{¶32} "A. Yes, sir.

{¶33} "Q. - - to whom I was not married. And that was an individual who's indentified by his initials, AE, whose birth date is January 24th, 1998. And specifically it's alleged, in Count 1, that you rubbed your penis on the other person's buttocks and anus.

{¶34} "So do you understand what that means? When you say you enter a plea of admit, you're saying it's true.

{¶35} "A. Yes, sir.

{¶36} "Q. And are you saying it's (sic) true today?

{¶37} "A. Yes, sir.

{¶38} "Q. On Count 2, it is alleged that at some time between November the 27th of last year, 2009, and February the 20th of this year, you had contact with - -

{¶39} "THE COURT: Now, I'm a little bit confused, madam prosecutor. The victims are one in the same, are they not? But in Count 2 it specifically alleged his relationship with the stated victim.

{¶40} "So, in both instances is the stated victim his brother?

**{¶41}** MS. VAN WINKLE: Correct, Your Honor.

**{¶42}** "BY THE COURT:

**{¶43}** "Q. Okay. And that's AE, whose birth date is 1-24-98.

**{¶44}** "And, again, it's alleged that you touched and rubbed your brother's penis with your hand and that you had your brother touch and rub your penis.

**{¶45}** "So, do you understand that by entering a plea of admit you're saying that's true as well?

**{¶46}** "A. Yes, sir." Transcript of July 12, 2010 hearing at 6-8.

**{¶47}** We find, based on the foregoing, that the trial court sufficiently complied with Juv.R. 29(D)(1). The trial court sufficiently explained the nature of the allegations against appellant A.E. and ensured that appellant A.E. understood the nature of the allegations against him.

**{¶48}** Appellant A.E. maintains that the trial court erred in failing to advise him that he could receive consecutive commitments to the Department of Youth Services. The same issue was raised in *In re S.H.* , Montgomery App. No. 20107, 2004-Ohio-3779. In such case, the court held, in relevant part, as follows: "Ohio courts have construed Juv.R. 29(D) as analogous to a guilty plea made by an adult pursuant to Crim.R. 11(C). *In re Christopher R.* (1995), 101 Ohio App.3d 245, 247, 655 N.E.2d 280, *In re Jenkins* (1995), 101 Ohio App.3d 177, 179, 655 N.E.2d 238. Both the juvenile and the criminal rules require the trial courts to make careful inquiries in order to insure that the admission of guilt by a juvenile or a guilty plea by an adult is entered knowingly and voluntarily. *In re Flynn* (1995), 101 Ohio App.3d 778, 781, 656 N.E.2d 737; *In re McKenzie* (1995), 102 Ohio App.3d 275, 277, 656 N.E.2d 1377. Ohio appellate courts

have held that a trial court's 'substantial compliance' with Juv.R. 29(D) is sufficient when accepting a juvenile's admission. *Id.* The failure of a court to do so constitutes prejudicial error that requires a reversal of the adjudication in order to permit the party to plead anew. *Id.*

{¶49} "In *State v. Johnson* (1988), 40 Ohio St.3d 130, 532 N.E.2d 1295, the Ohio Supreme Court held that the failure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively is not a violation of Crim.R. 11(C)(3), and does not render the plea involuntary.

{¶50} "The State argues that since the juvenile rule is similar to the criminal rule of procedure, the juvenile court was not required to inform the juvenile that he might receive consecutive commitments, but was only required to inform the juvenile of the maximum penalty for each delinquent charge. We agree. We believe it is doubtful the Ohio Supreme Court would interpret the juvenile rule differently than it has interpreted the analogous criminal rule. In any event, the State argues and we agree that S.H. was informed the maximum commitment he faced was until his 21st birthday. The juvenile court substantially complied with the juvenile rule in explaining to S.H. the consequences he faced by admitting the delinquent charges." Id paragraphs 8-10. In the case sub judice, appellant A.E. was advised that the maximum commitment he faced was until his 21st birthday.

{¶51} However, we concur with appellant A.E. that the trial court, prior to accepting appellant's plea of admit, failed to strictly comply with Juv.R. 29(D)(2). The trial court did not determine that appellant A.E. understood that, by admitting, he was

waiving his right to introduce evidence at the adjudicatory hearing. Rather, the trial court advised appellant A.E. as follows:

{¶52} "Q. Okay. Now, listen to me very carefully. By entering pleas of admission you're giving up your right to challenge the evidence against you. In other words, you're giving up your right to question your accusers. We call that cross-examination of your accusers. You're giving up your right to challenge the evidence against you. You're giving up your right to remain silent. I'll ask you questions as to what happened. You'll be required to answer those questions." Transcript of July 12, 2010 hearing at 9.

{¶53} We find that the trial court failed to strictly comply with the constitutional requirements contained in Juv.R. 29(D)(2). On such basis, we find that the trial court erred in accepting appellant's plea as it was not knowing, voluntary and intelligent.

{¶54} Appellant A.E.'s first assignment of error is, therefore, sustained.

II

{¶55} Appellant A.E., in his second assignment of error, argues that the trial court erred when it failed to consider community service in lieu of imposing a financial sanction on appellant A.E. in violation of R.C. 2152.20(D).

{¶56} Based on our disposition of appellant A.E.'s first assignment of error, appellant A.E.'s second assignment of error is moot.

III

{¶57} Appellant, A.E., in his third assignment of error, argues that his trial counsel was ineffective in failing to object to the trial court's imposition of court costs and for failing to investigate the suppression issue.

**{¶58}** Based on our disposition of appellant's first and second assignments of error, we decline to address the issue of court costs because the same is now moot.

**{¶59}** As is stated above, appellant A.E. maintains that his trial counsel was ineffective in failing to investigate the suppression issue. The standard this issue must be measured against is set out in *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768. Appellant must establish the following:

**{¶60}** "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. ( *State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

**{¶61}** "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."

**{¶62}** The failure to file a suppression motion does not constitute per se ineffective assistance of counsel. *Kimmelman v. Morrison* (1986), 477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305. Failure to file a motion to suppress constitutes ineffective assistance of counsel only if, based on the record, the motion would have been granted. *State v. Butcher,* Holmes App.No. 03 CA 4, 2004-Ohio-5572, ¶ 26, citing *State v. Robinson* (1996), 108 Ohio App.3d 428, 433, 670 N.E.2d 1077.

{¶63} Appellant A.E. argues that his admission/confession to the police was taken in violation of his constitutional rights. He contends that he had requested counsel during his interrogation. However, there is no testimony or evidence in the record that the Motion to Suppress would have been granted. While the Guardian Ad Litem, at the July 12, 2010, hearing, indicated that appellant A.E. and his brother had represented to her that appellant A.E. had requested counsel at the time of interrogation, appellant A.E.'s trial counsel indicated that appellant A.E. never expressed a desire to challenge his admission/confession to police. Moreover, we find such an argument speculates as to evidence dehors the record, and therefore is not properly raised in a direct appeal. See *State v. Lawless,* Muskingum App. No. CT2000-0037, 2002-Ohio-3686, citing *State v. Cooperrider* (1983), 4 Ohio St.3d 226, 228, 448 N.E.2d 452.

{¶64} Appellant A.E.'s third assignment of error is, therefore, overruled.

IV

{¶65} Appellant Jessika Gualtieri, appellant A.E.'s Guardian Ad Litem argues, in the fourth assignment of error, that the trial court erred in denying her Motion to Suppress.

{¶66} As is stated above, on July 6, 2010, the Guardian Ad Litem filed a Motion to Suppress, seeking to suppress statements that appellant A.E. had made to any members of the Newark Police Department or any of it agents. The Guardian Ad Litem, in her motion, alleged that appellant A.E.'s statements were the product of a custodial interrogation and that there was no waiver of appellant A.E.'s constitutional rights. She specifically alleged that appellant A.E. had requested counsel. Pursuant to a Judgment

Entry filed on July 9, 2010, the trial court denied such motion, holding, in part, that the Guardian Ad Litem had no standing to file such a motion. The trial court, in its Judgment Entry, further held that the motion was not timely filed in accordance with Juv.R. 22(E), and that at the pretrial held on June 21, 2010 at which the Guardian Ad Litem was present, the record indicated that the adjudication was uncontested and was to be set for a change of plea hearing. Finally, the trial court held that the certificate of service on the pleading filed by the Guardian Ad Litem was defective because the date of service had been omitted. Thus, the trial court gave several reasons for denying such motion.

{¶67} At the July 12, 2010 hearing, the Guardian Ad Litem objected to the trial court's proceeding without holding a hearing on her Motion to Suppress. The Guardian Ad Litem, in her motion, had requested a hearing.

{¶68} Appellant Guardian Ad Litem, who is an attorney, initially argues that the trial court erred in denying her motion for lack of standing. We agree. Supreme Court Superintendence Rule 48(D)(6) states that a "guardian ad litem who is an attorney may file pleadings, motions and other documents as appropriate under the applicable rules of procedure." We note that appellee State of Ohio concurs that a Guardian Ad Litem has standing to file such a motion.

{¶69} Appellant Guardian Ad Litem also argues that the trial court erred when it denied the Motion to Suppress on the basis that the certificate of service on the same was defective because the service date had been omitted.  We note that appellee, in its brief, has conceded that it was properly served with a copy of the same and that it filed a response to such motion. We find, therefore, that the trial court erred on such basis.

**{¶70}** Appellant finally argues that the trial court erred in denying the Motion to Suppress on the basis that it was not timely filed. We agree.

**{¶71}** Juv.R. 22(E) states, in relevant part, as follows: "Except for motions filed under division (D)(5) of this rule, all prehearing motions shall be filed by the earlier of:

**{¶72}** "(1) seven days prior to the hearing, or

**{¶73}** "(2) ten days after the appearance of counsel….

**{¶74}** "The court <u>in the interest of justice</u> may extend the time for making prehearing motions.

**{¶75}** "The court <u>for good cause shown</u> may permit a motion to suppress evidence under division (D)(3) of this rule to be made at the time the evidence is offered." (Emphasis added).

**{¶76}** In the case sub judice, counsel was appointed on June 4, 2010 and the adjudicatory hearing was set for July 12, 2010. Appellant Guardian Ad Litem did not file her motion until July 6, 2010. Her motion, therefore, was not timely filed. However, Juv.R. 22(E) provides that a motion to suppress on the basis that evidence was illegally obtained may be presented at the time evidence is presented for good cause shown. We find that the Guardian Ad Litem presented "good cause." While we concede that the Guardian Ad Litem did not explain her tardiness in filing her motion, she did allege facts that would warrant that the motion be decided only after a presentation of evidence.

**{¶77}** Also, as is stated above, Juv.R. 22(E) provides that the trial court, "in the interests of justice," may extend the time for making prehearing motions. At the July 12, 2010 hearing, the Guardian Ad Litem argued that "the interest of justice are (sic) served

by hearing the motion on its merits, instead of dismissing it through this procedural issue." Transcript of July 12, 2010, hearing at 13.   While we understand the trial court's frustration in hearing an untimely motion when the trial court has a busy docket, we concur with appellant that, based on the purposes and goals underlying the juvenile court system, justice required that the Motion to Suppress be resolved on its merits.  In *In re Caldwell* (1996), 76 Ohio St.3d 156, 666 N.E.2d 1367, the Supreme Court of Ohio clarified the purposes and goals underlying the juvenile court system:

**{¶78}**  * * * [T]o provide for the care, protection, and mental and physical development of children, to protect the public from the wrongful acts committed by juvenile delinquents, and to rehabilitate errant children and bring them back to productive citizenship, or, as the statute states, to supervise, care for and rehabilitate those children.* * *  *Id.* at 157, 666 N.E.2d 1367, citing R.C. 2151.01.

**{¶79}**  We, therefore, hold that the trial court erred in failing to hold a hearing on the Motion to Suppress.  In so holding, we note that the United States Supreme Court, in *J.D.B. v. North Carolina* (June 16, 2011), 131 S.Ct. 2394, 180 L.E.2d 310 recently held that a child's age properly informs the *Miranda* custody analysis.

{¶80} The fourth assignment of error is, therefore, sustained.

{¶81} Accordingly, the judgment of the Licking County Court of Common Pleas, Juvenile Division is reversed and this matter is remanded for further proceedings.


By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/d0629

[Cite as *In re A.E.*, 2011-Ohio-4746.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN RE: A.E. (A minor Child)    :
              :
              :
              :
              :
              :    JUDGMENT ENTRY
              :
              :
              :
              :    CASE NO. 10-CA-107 & 10-CA-108

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, Juvenile Division, is reversed and this matter is remanded to the trial court for further proceedings.  Costs assessed 50% to the State and 50% to appellant, A.E.

            _____

            _____

            _____

                JUDGES