[Cite as *In re A.V.*, 2013-Ohio-264.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98339**

# IN RE: A.V.
# A Minor Child

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 10100906

**BEFORE:** Jones, J., Stewart, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** January 31, 2013

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender

BY:   Amanda J. Powell
Assistant State Public Defender
250 East Broad Street
Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE, STATE OF OHIO**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Stephanie L. Lingle
Assistant Prosecuting Attorney
4261 Fulton Parkway
Cleveland, Ohio 44144

Andrew T. Gatti
Assistant Prosecuting Attorney
Juvenile Justice Center
9300 Quincy Avenue
Cleveland, Ohio 44106

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, A.V.,[1] appeals the judgment of the juvenile court finding her delinquent for violating her probation. We reverse.

{¶2} In 2010, A.V. was charged with burglary and theft. She admitted to the burglary charge and the trial court found her delinquent of burglary; the theft charge was nolled. The court subsequently ordered A.V. to supervision on probation.

{¶3} In January 2012, A.V. admitted to violating her probation and the trial court ordered her to a six-month commitment at the Ohio Department of Youth Services ("ODYS"), but suspended the commitment.

{¶4} In March 2012, A.V.'s probation officer filed a motion alleging that A.V. had again violated the terms of her probation. A.V. admitted to the violation and the trial court imposed the suspended sentence, committing A.V. to ODYS for a minimum term of six months to a maximum term of her twenty-first birthday.

{¶5} It is from this order that A.V. appeals and raises the following assignment of error for our review, as follows:

> Appellant's admission to her probation violation was not knowing, intelligent, and voluntary in violation of the Fifth and Fourteenth

---

[1] The parties are referred to herein by their initials or title in accordance with this court's established policy not to disclose identities in juvenile cases.

Amendments to the United State Constitution; Article I, Sections 10 and 16 of the Ohio Constitution; and Juvenile Rule 29.

{¶6} A.V. claims that her admission to the probation violation was not knowingly, intelligently, and voluntarily made because the trial court failed to inform her at the hearing of the maximum sentence it could impose if she admitted to the violation. For the following reasons, we agree.

{¶7} Juv.R. 29(D) sets forth the requirements for the trial court to accept an admission, providing in pertinent part:

> The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
>
> (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
>
> (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.

{¶8} The Ohio Supreme Court has stated that Juv.R. 29 applies to probation revocation proceedings. *In re L.A.B.*, 121 Ohio St.3d 112, 2009-Ohio-354, 902 N.E.2d 471, syllabus. An admission pursuant to Juv.R. 29 is analogous to an adult's guilty plea under Crim.R. 11. *Id*. at ¶ 112, quoting *In re Smith*, 3d Dist. No. 14-05-33, 2006-Ohio-2788; *In re T.B.*, 8th Dist. Nos. 93422 and 93423, 2010-Ohio-523. Both the juvenile and the criminal rules require the trial courts to make careful inquiries in order to insure that the admission of guilt by a juvenile or a guilty plea by an adult is entered knowingly and voluntarily. *In re A.E.*, 5th Dist. Nos. 10-CA-107 and 10-CA-108,

2011-Ohio-4746, ¶ 48, citing *In re Flynn*, 101 Ohio App.3d 778, 781, 656 N.E.2d 737 (8th Dist.1995).

{¶9} In *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, paragraph six of the syllabus, the Court stated that

> [i]n a juvenile delinquency case, the preferred practice is strict compliance with Juv.R. 29(D). If the trial court substantially complies with Juv.R. 29(D) in accepting an admission by a juvenile, the plea will be deemed voluntary absent a showing of prejudice by the juvenile or a showing that the totality of the circumstances does not support a finding of a valid waiver.
>
> For purposes of juvenile delinquency proceedings, substantial compliance means that in the totality of the circumstances, the juvenile subjectively understood the implications of his plea.

*Id.*

{¶10} While a trial court is required to personally address a defendant at a plea hearing regarding "the maximum penalty involved," Crim.R. 11(C)(2), no such requirement exists in Juv.R. 29. But "[s]everal Ohio appellate courts have recognized that although Juv.R. 29(D) does not expressly require the court to inform a juvenile of the maximum penalty, it does require the court to convey the consequences of the juvenile's admission." *In re Feaster*, 9th Dist. No. 25395, 2011-Ohio-4222, ¶ 9.

{¶11} The state urges us to affirm the trial court's judgment and find that A.V.'s plea was in substantial compliance with Juv.R. 29. The state bases its argument on the following: A.V. was 18 years old at the time of admission, had an extensive history of involvement with the juvenile justice system, was represented by counsel, had a 3.25 grade point average, had discussed the potential penalties with her attorney, and her mother and

social worker were present at the revocation hearing. We are not persuaded by this argument.

**{¶12}** This court's decision in *In re T.B.*, *supra*, is particularly instructive. In *In re T.B.*, the juvenile appellant argued that his plea was not knowingly, intelligently, and voluntarily made because the court had failed to inform him of the length of time he could spend in ODYS if he was committed by the court. This court agreed and found that the trial court failed to substantially comply with Juv.R. 29 because it failed to advise T.B. of the specific term he faced if committed to ODYS. This court reasoned that "Juv.R. 29 requires the trial court to determine that the juvenile knows about the potential consequences of entering an admission, and the loss of liberty involved in a commitment to ODYS is a significant potential consequence that the trial court should have explained." *Id.* at ¶ 9.

**{¶13}** In this case, the trial court informed A.V. of the following:

> From your admission I could find you to be in violation of court order, and should the court find you to be in violation of court order, the court could impose the stayed commitment to the Ohio Department of Youth Services, continue on probation or to let you pay a fine or costs.

> That's a suspended commitment to the Ohio Department of Youth Services, pay fine or costs, order that you to do [sic] something more than what you were previously ordered to do. Do you understand that?

**{¶14}** By the plain language of Juv.R. 29, the court must determine that the juvenile is making the admission voluntarily and understands the consequences of the admission. A defendant within the jurisdiction of juvenile court, even one who had reached the age of majority and is represented by counsel, cannot fully understand the consequences of her admission if the court fails to apprise her of the specific penalty involved.

{¶15} In this case, the trial court failed to properly advise A.V. of her possible term of commitment at the probation violation hearing. Instead, the trial court informed A.V. that it "could impose the stayed commitment to [ODYS]" but then immediately stated "that's a suspended commitment to [ODYS]." Those statements could be interpreted to mean that the court would only sentence her to a suspended commitment; the court certainly did not advise A.V. that she could be committed to ODYS for a term of six months up until her twenty-first birthday. Further, the fact that the trial court informed her at a previous hearing that she was facing a term of commitment of six months up to her twenty-first birthday is insufficient to apprise her of her possible sentence. *In re T.B.* at ¶ 9.

{¶16} Based on these facts, the trial court did not substantially comply with Juv.R. 29 in accepting A.V.'s admission to her probation violation; therefore, A.V.'s admission was not knowingly, intelligently, and voluntarily made.

{¶17} The sole assignment of error is sustained.

{¶18} Judgment reversed, case remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

MELODY J. STEWART, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR